with the yard crew as flagman. He had not been over this switch before the day of the accident. There was no warning sign of danger and he had not been warned that the curve was a dangerous point.

The statement of the question involved is, "Whether a yard workman assumed the risk when squeezed to death while walking in between a car and a wall on a siding where he never had been before and where there was no warning sign?" An employee must know the circumstances and appreciate the risk before he will be held to have assumed it. Here we have no evidence that deceased was aware that the middle of the car would swing toward the wall in rounding the curve, or that the open space at the curve would be decreased by the car's movement and made more hazardous than at other points along the cribbing or that the situation was so plainly observable that he must be presumed to have known his safety was jeopardized: Swartz v. Bergendahl-Knight Co., 259 Pa. 421; Texas Pacific R. R. v. Swearingen, 196 U. S. 51. The question involved in this case was clearly for the jury and was submitted by the court below in a fair charge.

The judgment is affirmed.

---

# Levy et al., Appellants, *v.* Seadler.

*Practice, C. P.—Judgment on pleadings — Ejectment — Act of June 7, 1915, P. L. 887—Trusts and trustees—Statute of frauds— Act of April 22, 1856, P. L. 532—Evidence.*

1. Under the Act of June 7, 1915, P. L. 887, after an action of ejectment is at issue, the court may grant a rule to show cause why judgment should not be entered upon the pleadings in favor of the defendant.

2. Such judgment will be entered, where plaintiffs have pleaded that defendant is a trustee under a parol trust, which cannot be proved because of the inhibition of the Act of April 22, 1856, P. L. 532.

Argued October 19, 1921.   Appeal, No. 200, Oct. T., 1921, by plaintiffs, from judgment of C. P. Allegheny Co., Jan. T., 1920, No. 2115, for defendant on the pleadings, in case of John Z. Levy et al. v. M. Seadler.   Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.   Affirmed.

Ejectment for land in Borough of Braddock.

Rule for judgment on pleadings.

The following opinion was filed by SWEARINGEN, J.:

This case is an action of ejectment for the recovery of "Lot or Block numbered Twenty-three (23) in the Ludin Plan of Lots, of record in the Recorder's Office of Allegheny County, in Plan Book Vol. 17, page 168." The parties had pleaded to issue. Whereupon the defendant moved the court for a rule to show cause why judgment should not be entered upon the pleadings in favor of the defendant, pursuant to the Act of June 7, 1915, P. L. 887.   After hearing, the court, on February 23, 1919, granted the rule, to which the plaintiffs answered denying the right of the defendant to now raise a question of law.

The Act of 1915, after prescribing the pleadings in ejectment, provides that "The court may, on rule, enter such judgment on the pleadings, in favor of either party, as it may appear to the court the party is entitled to."

It will be observed that the statute fixes no time, within which the court may enter judgment "on rule." In fact, the court could not, until after the pleadings were complete, consider such a rule.   We are of opinion that the court was entirely correct in granting the rule, at the time when that was done.

The defendant has suggested two reasons why the plaintiffs cannot recover a verdict, even if a trial be had. The first is that they have pleaded that the defendant is a trustee, under a parol trust, which cannot be proven because of the inhibition of the statute of frauds.   The

second is that the action is barred by the statute of limitations.

The title is out of the Commonwealth and was vested in John Z. Levy on and before December 1, 1909. By their deed of that date, duly recorded, John Z. Levy and his (then) wife conveyed, inter alia, the land in dispute to M. Seadler in fee simple, with covenant of general warranty. M. Seadler and wife executed a deed of general warranty, dated August 14, 1911, for the land last described, to William J. Daly, in fee, which deed was given to John Z. Levy and was not delivered to Daly. On November 29, 1919, William J. Daly and wife executed and delivered to John Z. Levy and Esther Levy, his (second) wife, jointly a quitclaim deed for the land in dispute; and on December 9, 1919, both the deed from Seadler to Daly, dated August 14, 1911, and the quitclaim deed from Daly to Levy and his second wife, were recorded by Levy. By virtue of the two deeds last mentioned, the plaintiffs claim the land in dispute jointly, which is, of course, an estate by entireties. The defendant relies upon the said deed from John Z. Levy and his first wife to himself, dated December 1, 1909, which is absolute on its face; and upon his possession of the land.

The parties differ as to the purpose of the deed from the defendant to William J. Daly, dated August 14, 1911. But that is an issue of fact with which we are not here concerned. We note, however, in the quitclaim deed from Daly to the plaintiffs, a recital that "...... no delivery of the said deed [August 14, 1911] from M. Seadler and wife to William J. Daly has been made." If that be true, and the plaintiffs cannot contradict it because they accept the deed and rely upon it, then they have no legal title to the land in dispute. Daly could quitclaim them nothing, never having had any title himself. Realizing their difficulty, the plaintiffs have set up a trust in M. Seadler for the benefit of John Z. Levy, arising out of an oral agreement alleged to have been

made at the time the land was conveyed to him by Levy, December 1, 1909. The language in which the trust is described in the pleadings of the plaintiffs is that the defendant took title upon trust, that he would hold "the land in trust for the plaintiff, John Z. Levy, his heirs or assigns, and would execute a proper deed or conveyance for the same at any time upon demand."

This is not an implied trust. There is no pretense that it arose by construction in equity. It did not arise by the purchase of land and payment therefor by one, and the taking of title in another; nor by purchase with trust funds and taking title in the name of the trustee; nor by failure of provisions in a will conveying title to executors, whereby a trust may arise in favor of the heir of the testator. Therefore, this is not a resulting trust. And the plaintiffs have not averred that any fraud was practiced, that any accident happened, or that any mistake was made. Consequently, this trust must be regarded as an express one, within the meaning of the 4th section of the Act of 1856, which is: "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments, and all grants and assignments thereof shall be manifested by writing, signed by the party holding the title thereof, or by his last will in writing, or else to be void."

This act expressly makes void any trust of this character, unless the same be in writing, "signed by the party holding the title," and, necessarily, any other evidence thereof would be inadmissible at a trial. It is true the plaintiffs enumerated a number of acts and circumstances which they contend show the existence of the parol trust asserted. But of what value are these averments, when the statute declares a trust thus established void?

In the view we have taken of the situation of the plaintiffs, it is not necessary to discuss the second proposition of the defendant, viz: that the statute of limitations is a bar to a recovery by them. Besides, there is

a dispute in the pleadings relative to the facts, out of which the provisions of the statute of limitations might be held to apply.

We therefore hold that the trust set up by the plaintiffs in the pleadings cannot be proven, because it is in parol and is in direct conflict with the statute of frauds.

And now, to wit, June 23, 1921: After argument and upon consideration, the rule is made absolute, and judgment upon the pleadings is hereby entered in favor of the defendant for the land described in the writ, together with costs.

Plaintiff appealed.

*Error assigned* was order, quoting it.

*E. E. Fulmer,* with him *James A. Wakefield,* for appellants, cited: Sackett v. Spencer, 65 Pa. 89; Christy v. Brien, 14 Pa. 248.

*John C. Bane,* with him *Lewis M. Alpern,* for appellee.

PER CURIAM, January 3, 1922:

This case is affirmed on the opinion of the learned judge of the court below, directing that judgment be entered in favor of defendant.

---

## Williamson, Appellant, *v.* Dawson.

*Equity—Accounting for profits—Purchase of coal lands—Joint owners—One party buying out the other—Signature to paper—Modification of paper—Notice—Trust and trustees—Constructive trust—Trustee ex maleficio.*

1. Where two persons join together in the purchase of coal lands, and the first sells out his interest to the second, and thereafter the latter sells the whole estate in the lands at a profit to a person who had been previously negotiating for them at a price named, but had postponed acceptance, the second cannot compel