## Connell, Appellant, *v.* Commonwealth Trust Company et al.

Argued March 30, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. T. Tredway,* with him *Neely & Neely,* for appellant.

*Lee C. Beatty,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 22, 1933:

Plaintiff, Agnes Duffy Connell, claiming that she is the oldest surviving heir of James Ross, Jr., filed this

bill against the Commonwealth Trust Company, John
Ross Delafield, Edward Delafield and F. W. Longfellow,
trustees under a deed from Mary C. Delafield, seeking
discovery of all property which has come into the hands
of the trustees from the estates of James Ross, Sr.,
James Ross, Jr., or Mary C. Delafield, for an account,
for an annulment of the deed of trust and for a direction
that all payments from the trust be made to plaintiff
and other unnamed heirs of James Ross, Jr. Defend-
ants filed preliminary objections to the bill, which were
sustained by the court below and the bill was dismissed.
From the decree of dismissal plaintiff appeals.

Appellant bases her claim that she is the oldest sur-
viving heir of James Ross, Jr., who died November 8,
1851, and whose will is dated February 8, 1848, and of
James Ross, Sr., whose will is dated October 5, 1841,
upon the allegation that Mary C. Delafield, grantor in
the deed of trust, was not the daughter of Harriet Cole-
man Livingstone, niece of James Ross, Jr.; that Mary
C. Delafield, though born prior to the death of Harriet
Coleman Livingstone, was not her daughter, but the
daughter of Elizabeth Rhodes Fischer, whom Eugene
Augustus Livingstone married after the death of his
first wife, Harriet C. Livingstone, and had no relation-
ship to Harriet Livingstone and no right as an heir to
any part of the estates of James Ross, Sr., or James
Ross, Jr. It is set forth that after the death of Harriet
Coleman Livingstone, her husband, by imposition on the
Surrogate of Duchess County, New York, on September
5, 1848, had a guardian appointed for Mary Coleman
Livingstone (Delafield) as the daughter of Harriet Cole-
man Livingstone, when in fact she was not her daugh-
ter; that he practiced the same imposition on the Or-
phans' Court of Allegheny County on October 30, 1852.
It is alleged in the bill that the deed executed by Mary
C. Delafield was made in fraud of plaintiff's rights (just
how this could be it is difficult to conceive) and vested

in the trustees no title to the property described (which was the property of which James Ross, Jr., died seized). It is set forth that James Ross, Jr., dying so seized, left an involved will in which he created a trust of the property for a period of twenty-one years following his death, subject to a life estate in Anne Ross Aspinwall, who died December 2, 1895. It is averred that upon her death the property devolved upon the plaintiff and others (without naming them), rightful heirs of James Ross, Jr.

As a reason for not bringing her action until 1932, thirty-seven years after she claims her rights in the property vested, the plaintiff sets forth "That by reason of the complications arising out of the said last wills and testaments of James Ross, Sr., and James Ross, Jr., and the limitations and contingencies therein contained, and the fraud and concealment practiced upon the courts in the appointment of a guardian for, and the execution of said deed by Mary C. Delafield [Livingstone], the rights of your petitioner in said estates were so covered up and obscured, that they never became known to your oratrix until the year 1930 [without specification of why they did not] since which time, she has caused extensive investigations to be made, resulting in the discovery of the facts set forth in the foregoing bill."

This indefinite statement cannot excuse the laches of plaintiff in not asserting her rights until long after the statute of limitations had run—thirty-seven years after the death of the alleged life tenant, Anne Ross Aspinwall, eighty-four years after the alleged fraud was practiced on the Surrogate in New York, and eighty years after it was alleged to have been repeated in the Orphans' Court of Allegheny County.

It is claimed that the court in dismissing the bill overlooked an amendment of the record permitting Harry Gates, a grandnephew of the plaintiff, to become a party

plaintiff. Whether it did or did not can make no difference.

The court properly dismissed the bill.

Decree affirmed at appellant's cost.