First Pool Gas Coal Co., Appellant, *v.* Wheeler
Run Coal Co. et al.

Argued October 1, 1930. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Lewis C. Walkinshaw,* with him *John M. Henry* and *Saul Schein,* for appellant.—The alleged fraud being denied by defendants and thereby becoming a clear issue of fact for the jury to pass upon, there were no admitted facts before the court, on which it could apply the defense of the statute of limitations, being a defense on the facts.

It has been well decided in this court, in the case of the Practice Act of 1915, which the learned lower court reasons from by analogy in rendering the instant decision, that the statute of limitations cannot be raised in an affidavit of defense, and the question as to whether a claim is unenforceable must be decided on facts, undisputed, or as determined after testimony taken: Prettyman v. Irwin, 273 Pa. 522; Levy v. Seadler, 272 Pa. 366; American Products Co. v. Refining Co., 275 Pa. 332.

*Robert F. Barnett,* with him *Charles Alvin Jones,* of *Sterrett, Acheson & Jones,* for appellees.—Plaintiff's claim is for an "implied or resulting trust as to realty": Douglass v. Lucas, 63 Pa. 9.

The statute is one of repose; it therefore affects the title to the land and not merely the remedy for its recovery: Way v. Hooton, 156 Pa. 8.

Plaintiff claims on asserted fraud.

A trust ex maleficio is an implied trust; implied trusts include cases of trust arising from fraud, which are generally known as trusts ex maleficio, and are expressly within the act: Christy v. Sill, 95 Pa. 380; Hollinshead's App., 103 Pa. 158; Huffnagle v. Blackburn, 137 Pa. 633; Silliman v. Haas, 151 Pa. 52; Barry v. Hill, 166 Pa. 344.

Plaintiff expressly avers full discovery of the alleged fraudulent acts more than five years before this suit was brought.

The procedure below was correct: Porter v. Hayes, 293 Pa. 194; Glenn v. Stewart, 265 Pa. 208, 211-12; Shaw v. Cornman, 271 Pa. 260; Schoch v. Am. Int. Corp., 286 Pa. 181; Gailey v. Real Est. Co., 283 Pa. 381.

OPINION BY MR. JUSTICE WALLING, November 24, 1930:

This action of ejectment was brought to recover possession of a tract of one hundred and sixty-four acres of coal land in Mifflin Township, Allegheny County. The trial court entered judgment for the defendants on the pleadings and plaintiff has appealed.

The action of the lower court was based on the Act of May 8, 1901, P. L. 142, as amended by the Act of June 7, 1915, P. L. 887, as further amended by the Act of June 12, 1919, P. L. 478. Section two of the act, as amended, after prescribing the requisite pleadings in an action of ejectment, provides further, inter alia: "That the court may, on rule, enter such judgment on the pleadings in favor of either party as it may appear to the court the party is entitled to." We have often held that when the controlling question raised by the pleadings in an action of ejectment is one of law, the trial court may enter judgment thereon in favor of the party legally entitled thereto. See Porter et al. v. Hayes et al., 293 Pa. 194; Schoch v. Am. Int. Corp., 286 Pa. 181; Gailey v. Wilkinsburg R. E. T. Co., 283 Pa. 381; Levy et al. v. Seadler, 272 Pa. 366; Shaw et al., Exrs., v. Cornman, 271 Pa. 260; Glenn v. Stewart, 265 Pa. 208. This is a wise provision of the statute, for where the pleadings clearly show the case turns on a question of law it is vain to invoke the aid of a jury. The trial court properly held that this is the status of the instant case. In 1921 the First Pool Gas Coal Company, plaintiff, bought the land in question of Adolph Doerr and wife and gave a bond and mortgage thereon. Default having been made in payment and judgment having been entered on the bond, an execution was issued by which the land was

sold at sheriff's sale and bought by Doerr in 1923. The same year it was conveyed by him to the Bankers Coal Company, now the Wheeler Run Coal Company, defendant. In 1929, approximately six years thereafter, the present action of ejectment was brought, upon the averment that the sheriff's sale was so tainted with fraud as to constitute the purchaser thereat a trustee ex malificio for plaintiff and that the defendant coal company purchased with knowledge thereof.

The defendants' answer, after denying the allegations of fraud, avers (paragraph 25) : "Plaintiff's claim is further unenforceable, as disclosed by the averments of plaintiff's declaration and abstract of title, by reason of the bar of the statute of limitations in such cases made and provided." To which plaintiff's reply is: "The averments of paragraph 25 of defendants' answer are denied." Defendants rely on section six of the Act of April 22, 1856, P. L. 533, Stewart's Purdon's Digest, volume 2, page 2278, which reads, inter alia: "No right of entry shall accrue, or actions be maintained ......to enforce any implied or resulting trust as to realty, but within five years after such......trust accrued, with the right of entry...... Provided, that as to any one affected with a trust, by reason of his fraud, the said limitation shall begin to run only from the discovery thereof, or when, by reasonable diligence, the party defrauded might have discovered the same." The pleadings contain no averment that plaintiff was at any time ignorant of the alleged fraud. On the contrary, plaintiff attaches to and makes part of its abstract of title the copy of an elaborate written notice it gave the defendant coal company in October, 1923, prior to the deed from Doerr to it, in which is set forth in substance every act of alleged fraud now complained of. As to this, plaintiff's abstract avers, inter alia, "The plaintiff notified all of the said parties in writing, of the fraudulent acts complained of in this abstract or proposed to be done. A copy of said notice,......marked Exhibit

'B' and made part hereof, was served on all the parties named therein, on October 23, 1923, or about that date." Hence, in lieu of ignorance, plaintiff affirmatively places upon the record written evidence of its full knowledge of the alleged fraud practically six years before the inception of this suit. It is not important on whom the plaintiff served the notice (Exhibit B), but that it sent out such a notice is conclusive of its knowledge of the averments therein stated. Any right of entry in plaintiff because of a resulting trust was complete when Doerr conveyed the land to the defendant coal company in November, 1923. Plaintiff's mere denial that its right is barred by the statute is of no moment in face of the record. The Act of 1856 controls the case and the question is purely one of law, no less so because the defendants deny the allegations of fraud, as that question is unimportant in view of the statute.

Plaintiff calls attention to the rule that the statute of limitations is a defense which must be pleaded and cannot be taken advantage of by demurrer, or now, by affidavit of defense, and in support thereof cites, inter alia: Prettyman v. Irwin, 273 Pa. 522; Barclay v. Barclay, 206 Pa. 307; Carter v. Vandegrift, 74 Pa. Superior Ct. 26. This rule, however, refers to the statute of limitations of actions personal and is inapplicable to the Act of 1856. In the former case the statute merely applies to the remedy, the claim remains and may be revived by a new promise; while in the latter there is no right of action unless asserted in accordance with the provisions of the statute. See Freeman v. Lafferty, 207 Pa. 32; Huffnagle v. Blackburn, 137 Pa. 633, 641; Christy v. Sill, 95 Pa. 380. The Act of 1856 is one for the greater certainty of titles (Barry v. Hill and Gillespie, 166 Pa. 344, 350; Douglass v. Lucas, 63 Pa. 9, 13), and is a statute of repose which need not be specially pleaded: Way v. Hooton, 156 Pa. 8; see also Am. Products Co. v. Refining Co., 275 Pa. 332, 336; Mason-Heflin Coal Co. v. Currie, 270 Pa. 221.

Under the ejectment statute the right to judgment on the pleadings covers any question of law which is conclusive of the rights of the litigants.

The judgment is affirmed.