Arnold et al., Appellants, *v.* Stewart et al.

Argued October 5, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Lewis C. Walkinshaw,* with him *John M. Henry* and *Saul Schein,* for appellants.

*Robert F. Barnett, Samuel W. Miller* and *Sterrett, Acheson & Jones,* for appellees, were not heard.

PER CURIAM, November 28, 1932:

Plaintiffs, stockholders and directors of the First Pool Gas Coal Company, and the latter company as coplaintiff, brought this bill in equity to recover title to coal lands, of which, they allege, they had been dispossessed by fraud. Defendants filed preliminary objections to the bill, averring that by reason of an action in ejectment previously brought by the First Pool Gas Coal Company against the Wheeler Run Coal Company and its terretenants, decided against plaintiff, the present proceeding was res judicata; that plaintiffs were precluded by limitation under the Act of April 22, 1856, P. L. 532; that they were guilty of laches; and that the individual plaintiffs named are not parties in interest. The court below entered judgment for defendant upon the pleadings; the appeal before us is from this decree.

We will discuss only one of the questions raised. The case arises from the same circumstances and is for the

same purpose as the action in First Pool Gas Coal Co. v. Wheeler Run Coal Co., 301 Pa. 485, plaintiffs, as the court below points out, seeking now to do by bill in equity what they failed to accomplish there by action of ejectment. The record before us, when compared with the proceeding and opinion in the ejectment suit, fails to present any facts or argument which would lead us to a different conclusion. The basic facts remain unchanged, and the law applied in the prior case rules here. Plaintiffs' plea that they did not come into knowledge of the "full fraud" perpetrated upon them until two years before beginning this suit (endeavoring to take advantage of the proviso in section 6 of the Act of 1856) is a "quibble of terms......wholly unconvincing." It follows that the action is barred by limitation under the Act of 1856.

The decree is affirmed; costs to be paid by plaintiffs.