576 A.2d 396

John A. RADVAN, Jr., an Individual, and Betty Jean
Radvan, his Wife, Appellants,

v.

GENERAL ELECTRIC CO., a New York Corporation; Com-
stock Company, Inc., Successor-in-Interest to Patterson–Em-
erson–Comstock, Inc. a Pennsylvania Corporation and Wean
United, Inc., Successor in-Interest to United Engineering and
Foundry Co., an Ohio Corporation, Appellees.

Superior Court of Pennsylvania.

Argued March 21, 1990.

Filed June 20, 1990.

John H. Eaton, Pittsburgh, for appellants.

Richard L. McMillan, Pittsburgh, for appellees.

Before CAVANAUGH, DEL SOLE and HUDOCK, JJ.

DEL SOLE, Judge:

John A. Radvan, Appellant, brought suit for personal injuries against L.K. Comstock and Company, Inc., Appellees. At the close of Radvan's case, the trial court entered an order for a compulsory non-suit in favor of Comstock. Radvan appeals, we affirm.

On November 15, 1983, Radvan was injured while working on a weld and side trim machine at an Allegheny Ludlum Steel plant. Radvan was feeding interleaf paper into the machine when the roller pulled his hand, and then his entire arm into the machine, His arm was completely crushed and partially severed. The weld and side trim machine had been designed for Allegheny Ludlum by Comstock's predecessor-in-interest, Patterson–Emerson–Comstock, Inc., and was built by General Electric Co. Although Radvan's original complaint alleged theories of negligence, strict liability and breach of warranty against multiple defendants, all defendants except Comstock were released. Radvan proceeded to trial against Comstock on a products liability theory. The trial court granted Comstock's motion for a non-suit because it found that Radvan's suit was barred by the twelve year statute of repose for construction projects found in 42 Pa.C.S.A. § 5536 [1]. On appeal, Radvan

---

1. 42 Pa.C.S.A. § 5536(a) reads:

*General Rule*—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be

raises the issue of whether 42 Pa.C.S.A. § 5536 is applicable in this case. We hold that it is and affirm the order of the trial court.

The Pennsylvania Supreme Court recently addressed this issue in *McCormick v. Columbus Conveyer Co.*, 522 Pa. 520, 564 A.2d 907 (1989). James F. McCormick was permanently partially disabled when his right arm was caught in the belt conveyor of a coal delivery system while he was working in the powerhouse of Bucknell University. McCormick brought a products liability action against Columbus Conveyer Company, Rust Engineering Company and Sordoni Construction Company. Rust and Sordoni were both granted summary judgments based on 42 Pa.C.S.A. § 5536. Columbus then filed a motion for summary judgment which was granted and McCormick appealed.

The Supreme Court held that the belt conveyer was part of the coal delivery system which was an improvement to real property. The Supreme Court then looked to see if Columbus was within the class of persons 42 Pa.C.S.A. § 5536 was enacted to protect. It held that the proper inquiry was "whether Columbus performed or furnished the design, planning, supervision of construction, or construction of an improvement...." 522 Pa. at 525, 564 A.2d 907. McCormick argued to the Supreme Court that Columbus was simply the manufacturer of the conveyor and the statute should not bar a products liability action against it. But the Supreme Court held that because McCormick had alleged in his complaint that Columbus, along with the other defendants, had jointly and severally designed, manufactured and sold the conveyor, he could not now change his

commenced within 12 years after the completion of construction of such improvement to recover damages for:
(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.
(2) Injury to property, real or personal, arising out of any such deficiency.
(3) Injury to the person or for wrongful death arising out of any such deficiency.
(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

allegations to avoid the statute. Columbus had taken part in the design, planning, supervision of construction or construction of a conveyor "uniquely suited to that site." 522 Pa. at 526, 564 A.2d 907. Columbus was not "simply the manufacturer of a particular machine which [was] related to the realty only by the fact it is bolted to the floor...." 522 Pa. at 526, 564 A.2d 907. Consequently, the Supreme Court affirmed the grant of summary judgment in favor of Columbus.

Applying *McCormick* to our present case, it is clear that Comstock comes under the protection of the statute. The trial court found that the weld and side trim machine was an improvement to real property because it had been in place for more than thirty years; it had never been moved since its installation; it was bolted to the floor and was connected to conduit piping for power; and because its "weight was in dozens of tons and it would have been very difficult to dismantle." A review of the record supports the finding of the trial court.

Comstock provided specific installation and engineering services for Allegheny Ludlum's Brackenridge plant in 1951 when the machine was installed. Radvan does not dispute this fact. Comstock was engaged in "the design, planning, supervision or observation of construction or construction" of an improvement to real property. It is exactly this group of people that 42 Pa.C.S.A. § 5536 was written to protect. Because Radvan's suit was filed in 1983, thirty-two years after the installation of the weld and side trim machine, the trial court was correct in finding it barred by the twelve year statute of repose in 42 Pa.C.S.A. § 5536.

Order affirmed.