681 A.2d 815

**Darlene L. VARGO, an Individual and as Administratrix of the Estate of Andrew A. Vargo, Deceased, Appellee,**

**v.**

**KOPPERS COMPANY, INC., Engineering & Construction Division a/k/a Koppers Industries, Inc., Appellant.**

Superior Court of Pennsylvania.

Argued April 10, 1996.

Filed Aug. 14, 1996.

Kathleen J. Cabraja, Pittsburgh, for appellant.

William R. Caroselli, Pittsburgh, for appellee.

Before DEL SOLE, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of October 24, 1995, entered in the Court of Common Pleas of Allegheny County, in favor of appellees in the amount of $1,154,631.22. Herein appellant contends: 1) The lower court erred when it refused to grant judgment n.o.v. on the grounds that appellees' suit was barred by Pennsylvania's statute of repose; 2) The verdict was against the weight of the evidence; 3) The lower court improperly excluded expert testimony relating to decedent's intoxication at the time of the accident; and 4) The lower court improperly charged the jury regarding the issue of causation.

Upon review, we find that the trial court committed reversible error when it ruled that the statute of repose was inapplicable to the present case. Accordingly, we reverse and remand for entry of judgment in appellant's favor.[1]

■ Appellant first asserts that the lower court erroneously refused to grant its motion for judgment n.o.v. which alleged that appellees' suit was barred by the statute of repose. The Pennsylvania Supreme Court set forth the proper standard for reviewing a denial of motion for judgment n.o.v. in *Wenrick v. Schloemann–Siemag*, 523 Pa. 1, 564 A.2d 1244 (1989), as follows:

> [T]he proper scope of review for an appellate court examining a denial of judgment n.o.v., according to the longstanding rule, is whether, reading the record in the light most favorable to the verdict winner and granting him the benefit of every favorable inference, there is sufficient competent evidence to support the verdict.

*Id.*, 564 A.2d at 1246.

■ This denial of motion for directed verdict will be reversed only if there is "an abuse of discretion or error of law." *Brown v. Philadelphia Asbestos Corp.*, 433 Pa.Super. 131, 639 A.2d 1245, 1248 (1994).

---

1. Having determined that appellees' cause of action was barred by the statute of repose, we need not address appellant's remaining issues.

Applying the above-stated standard of review, the record reveals the following: This wrongful death and survival action arose out of an industrial accident which took place on September 14, 1988, at the USX Coke Works located in Clairton, Pennsylvania. Appellees' decedent was employed as a door cleaner/jamb cutter when he was pinned between a support beam and a coke oven door as the door was being moved by the No. 6 door machine. The decedent died from the injuries he sustained in the accident.

Appellees' expert witness established that the No. 6 door machine was designed, manufactured and constructed by appellant 35 years prior to the subject accident. The appellees' theory of liability was that the No. 6 door machine was defective because of an accessible pinch point created when the door extractor arm moved toward the battery oven opening. Appellees argue that the pinch point was created because an elevator was not installed on the door machine as the original design required.

The operation of the door machine in question was performed by a two-worker team, an operator and a door cleaner, in a standard sequence of maneuvers. The door machine operator moved the door machine along a rail system and operated the equipment controls. This involved operation of the extractor arm which unlocked and removed the coke oven door to its cleaning position in front of the heat shield and then rotated the door back to the oven opening for replacement. The decedent was responsible for cleaning the sides of the door and the oven opening after it had been pulled into the pit area by the extractor arm. The door machine serviced a number of coke ovens and moved from oven to oven on a rail system.

The No. 6 door machine was necessary for the operation of the coke oven battery and was assembled on-site as part of the battery construction. In general, door machines are designed and constructed to operate on specific batteries only. The door machines are temporarily assembled in the shop for a customized fit, then disassembled and shipped in pieces to the job site for construction on the rails on which they eventually

operate. Complete installation requires a fitting of the machine to the batteries utilizing a procedure whereby the battery front rails are not finally tied in to the rail system until the batteries are heated and expansion has stabilized. In the USX Coke Works, the oven doors themselves were 18″ deep, 20–24″ wide, several stories high, and weighed more than five tons, while the door machines were 20–30′ long, 15–16′ high and 7–8′ wide.

At trial, the jury found in favor of appellees and awarded $55,000 under the Wrongful Death Act and $850,000 under the Survival Act. Appellant then filed a Motion for Post–Trial Relief including a Motion for Entry of Judgment for Defendant and a Motion for New Trial. In the Motion for Entry of Judgment, appellant maintained that a Pennsylvania statute of repose, codified at 42 Pa.C.S.A. § 5536(a), extinguished actions based on improvements to real property brought twelve years after the completion of the improvements. In response, appellees filed a Motion to Mold the Verdict to Include Damages for Delay Pursuant to Pa.R.C.P. 238, which would increase the verdict by $249,631.22. On October 13, 1995, the trial judge denied appellant's Motion for Post–Trial Relief, including its within Motion for Entry of Judgment and Motion for New Trial. Additionally, the trial judge allowed the verdict of $905,000 to stand and granted appellees' Motion to Include Damages for Delay in the amount of $249,631.22. This appeal followed.

In a civil action, the statute of repose enacted by the Pennsylvania legislature bars causes of action under the following circumstances:

(a) General Rule. Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within twelve (12) years after completion of such improvements to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

42 Pa.C.S.A. § 5536(a).

The statute of repose does not merely bar a plaintiff's right to remedy, but it completely abolishes the cause of action itself. *Mitchell v. United Elevator Co., Inc.*, 290 Pa.Super. 476, 434 A.2d 1243, 1248 (1981). The statute applies where the party moving for its protection proves that: (1) what was supplied was an improvement to real estate; (2) more than twelve years elapsed between the completion of the improvement and the injury; and (3) the activity of the moving party was within the class which is protected by the statute. *McConnaughey v. Building Components, Inc.*, 536 Pa. 95, 637 A.2d 1331, 1333 (1994); *See, McCormick v. Columbus Conveyer Co.*, 522 Pa. 520, 564 A.2d 907 (1989).

The court below held that under this three-prong test, the second and third elements of the test had been satisfied. The record established that construction of the coke batteries, which included installation of the door machines, was completed 35 years prior to the accident in question. The lower court ruled that appellant was within the class protected by § 5536(a), as it designed, manufactured and constructed the batteries with all attendant operating fixtures, including the rails and door machines, all of which were necessary for the operation of the battery ovens. However, the lower court held that the No. 6 door machine was not an improvement to real property within the meaning of the statute of repose. Since the lower court ruled that appellant did not satisfy the first prong of the test, it rejected appellant's statute of repose defense.

Presently, it is undisputed that more than twelve years have elapsed since the door machine was designed and constructed on its current location. Thus, we must first determine wheth-

er appellant is a member of the class protected by the statute of repose and whether the No. 6 door machine is an "improvement to real property".

The court below noted that 42 Pa.C.S.A. § 5536(a) is generally designed to protect parties such as architects, engineers and contractors and does not apply to manufacturers of products. *See, McCormick*, 522 Pa. 520, 564 A.2d at 909–10. However, Pennsylvania courts have further specified that manufacturers who perform acts of "individual expertise" akin to those commonly performed by builders may also benefit from the statute's defense. *See, McConnaughey*, 536 Pa. 95, 637 A.2d at 1334. Thus, a party who simply manufactures a product is outside the protection of the statute, *see, Schmoyer by Schmoyer v. Mexico Forge, Inc.*, 538 Pa. 1, 645 A.2d 811 (1994), *overruling Schmoyer by Schmoyer v. Mexico Forge, Inc.*, 423 Pa.Super. 593, 621 A.2d 692 (1993), but a party who manufactures and is involved in the design and construction of the product may use the defense. *McConnaughey*, 536 Pa. 95, 637 A.2d at 1334. Since the lower court determined that appellant actually designed and worked with USX in the installation of the door machine, it concluded that appellant was within the class protected by § 5536(a), even though appellant also manufactured the door machine. We agree with the lower court's conclusion that appellant is a member of the class protected by the statute of repose.[2]

We now turn to appellant's contention that the No. 6 door machine is an improvement to real property and agree with appellant's assertion that the door machine was an improvement to real property under Pennsylvania law. Accordingly,

**2.** In appellee's brief, *Vasquez v. Whiting Corp.*, 660 F.Supp. 685 (E.D.Pa.1987) is cited to support the proposition that appellant may not assert the statute of repose merely because the door machine was assembled on-site. In *Vasquez*, the United States District Court held that the manufacturer of a crane which was assembled on-site as an industrial facility was not entitled to the protection of § 5536(a). However, the manufacturer in *Vasquez* played no role in the design and installation of the crane. *Id.* at 686. Thus, we find that the immediate case is distinguishable from *Vasquez* since appellant played the primary role in the design and installation of the No. 6 door machine within the USX Coke Works facility. *See, McConnaughey, supra.*

we hold that the trial court committed reversible error when it denied appellant the statute of repose defense.

■ Although no Pennsylvania court had addressed the specific issue of whether a coke oven door machine constitutes an improvement to real property, the reasoning of the Pennsylvania Supreme Court in *McCormick, supra,* and this court in *Radvan v. General Electric Company,* 394 Pa.Super. 501, 576 A.2d 396 (1990) is controlling. In *McCormick,* our supreme court considered the application of § 5536(a) in a products liability action and held that a belt conveyor which was part of a coal delivery system and which was integrated into the construction of the facility was an improvement to real property. In *Radvan,* this court followed the holding of *McCormick* and applied § 5536(a) to bar an employee's products liability action on the grounds that a side trim machine was an improvement to real property. The lower court distinguished *McCormick* and *Radvan* from the immediate case because the equipment involved in *McCormick* and *Radvan* was stationary, i.e., somehow affixed to the realty. In contrast, the trial court noted that the No. 6 door machine moved on wheels and serviced several coke ovens. Consequently, the court below determined that the door machine was not an improvement under *McCormick* and *Radvan.*

Notwithstanding the fact that the No. 6 door machine moved on wheels, it is this court's opinion that this distinction is not dispositive in the present case. In *McCormick,* our supreme court embraced the following definition of "improvement" from Black's law dictionary:

> [A] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.

522 Pa. 520, 564 A.2d at 909.

Applying this familiar interpretation of "improvement", we find that the No. 6 door machine satisfies this definition.

According to the record established at trial, the door machine constituted a substantial part of the oven battery construction. The door machine was custom-designed to accommodate the design of the doors and latches of the batteries on which it operated and was integrated into the construction of the USX facility. Together, the oven battery and the oven door machine created a production facility for the processing of steel. The coke oven battery cannot operate without the concurrent operation of the coke oven door machine. Undoubtedly, the No. 6 door machine enhanced the utility of the coke batteries within the USX Coke Works facility, and it can easily be characterized as a valuable addition to the industrial realty. Thus, we find that the trial court erred when it held that the No. 6 door machine did not constitute an improvement to real property under the *McCormick* standard.

The trial court was amiss when it distinguished *Radvan* from the facts of the present case. The *Radvan* Court, using the *McCormick* standard, held that a side trim machine was an improvement to real property because, "it had been in place for more than thirty years; it had never been moved since its installation; it was bolted to the floor and was connected to conduit piping for power; and . . . its 'weight was in the dozens of tons and it would have been very difficult to dismantle.'" *Radvan*, 394 Pa.Super. 501, 576 A.2d at 397. It is this court's opinion that the No. 6 door machine is analogous to the side trim machine at issue in *Radvan*. But for the fact that the door machine moved on wheels and served more than one coke oven battery, it has remained affixed to the same rail system within the USX Coke Works facility since its assembly on-site in the early 1950's. Although the door machine was not bolted in place as the side trim machine was, its movement was limited to the confined area of the rail system upon which it was attached. Further, the record reflects that the large size and substantial weight of the door machine necessitated on-site repairs and maintenance. We thus find that the trial court's interpretation of *Radvan* was erroneous. Despite the fact that the No. 6 door machine was movable from one part of

the battery to another, it was substantially affixed to the USX facility in such a way as to constitute an improvement to real property.[3]

We also reject the lower court's reliance upon our supreme court's decision in *Noll by Noll v. Harrisburg Area YMCA,* 537 Pa. 274, 643 A.2d 81 (1994), to determine that the No. 6 door machine was not a fixture within the USX Coke Works facility. Under *Noll,* a fixture is, by definition, an improvement to real property. *Id.,* 643 A.2d at 87. In *Noll,* plaintiff was injured when he dived from a starting block into a swimming pool. Plaintiff then commenced an action against the manufacturer of the starting blocks. Our supreme court ruled that the starting blocks were not fixtures and refused to apply § 5536(a), since the starting blocks were not permanently attached to the pool, they were not necessary or essential to the use of the property as a swimming pool, they were removable and removal would not cause damage to the pool. *Id.,* 643 A.2d at 89.

The *Noll* court then noted that for purposes of statute of repose analysis, the "objective intent of the parties ... should be considered in determining whether an object has become a fixture for the purposes of § 5536." *Id.,* 643 A.2d at 88. The court outlined various factors to be considered when determining whether an object is a fixture:

[A] court must make an objective determination of whether an object is a fixture for the purposes of § 5536. The considerations in making such a determination may include: the degree to which and manner in which the object is attached to real property ... the ease of removing the object ... whether the object may be removed without damaging the real property.... whether the object is necessary or essential to the real property ... and the conduct

3. Certainly, if the door machine was dedicated to just one coke oven and was bolted to the floor (as the side trim machine was in *Radvan* ), there would be absolutely no dispute concerning the door machine's status as an "improvement to real property".

of the party and whether it evidences an intent to permanently attach the object to the realty. . . .

*Id.* (citations omitted)

After reviewing the criteria listed in *Noll,* the court below concluded that the No. 6 door machine operated on a track with its own wheels, was capable of being moved or completely relocated without damage to the real property itself and was not permanently attached to any one part of the coke oven battery. Thus, it was not a fixture.

However, we conclude that the immediate case must be distinguished from *Noll.* The fact that the No. 6 door machine was confined to the rail system for over 35 years prior to the accident in question objectively demonstrates an intent to affix the door machine permanently to a particular area within the USX Coke Works facility. The door machine was also necessary to the use of the property as a steel manufacturing facility. Unlike a swimming pool, which is fully operable without starting blocks, a coke oven battery is inoperable without a door machine. We therefore conclude that the No. 6 door machine was clearly a fixture as defined by the objective standards established in *Noll.*

The court below also misapplied the tax assessment case of *In Re: Borough of Aliquippa,* 405 Pa. 421, 175 A.2d 856 (1961) when it determined that the No. 6 door machine was not "necessary or essential to the real property." In *Aliquippa,* the Pennsylvania Supreme Court reviewed the issue of improvements to real property in the context of the tax assessment law. Focusing on the intent of the legislature in enacting the tax assessment law, our supreme court found that the legislature desired to remove all machinery from real estate taxation as an incentive to the development of industries within the state of Pennsylvania. *Id.,* 175 A.2d at 860–61. Our supreme court refused to apply the common law doctrine of fixtures when it determined that coke batteries were not improvements to real property *for tax assessment purposes.* The high court also distinguished improvements which were used directly in the manufacturing process from improve-

ments which benefited the land generally. *Id.,* 175 A.2d at 861. Specifically, our supreme court held that coke ovens did not benefit the land generally but were part of the manufacturing process. Thus, they were not fixtures for the purposes of *real estate taxation.*

In the immediate case, the lower court concluded incorrectly that *Aliquippa* was dispositive on the issue of whether the No. 6 door machine was an improvement to real property. Citing *Aliquippa,* the lower court determined that by implication the No. 6 door machine did not benefit the land generally, and it was therefore not essential to the USX realty. The court below concluded that because the door machine benefited only the "particular manufacturer present on the land", the door machine was not an improvement covered by § 5536(a).

To the contrary, we find that the lower court's reliance on *Aliquippa* was misguided. The legislative intent behind a tax assessment statute differs significantly from the legislative intent behind a statute of repose. In *Adair v. Koppers Co., Inc.,* 741 F.2d 111 (6th Cir.1984), the United States Court of Appeals for the 6th Circuit interpreted the applicability of Ohio's statute of repose to an industrial accident involving a pulley head and conveyer belt which was part of a coke plant designed and built by Koppers. The plaintiff argued that the equipment on which he was injured was not an "improvement to real property" under the statute of repose. The Federal Appeals Court, in deciding whether the equipment in question met the definition of "improvements to real property", refused to apply an Ohio tax provision (similar to that applied in *Aliquippa* ) because of the difference in legislative intent behind the statute of repose and the taxation statute. While the tax provision relating to "land and improvements thereon" was written in the context of fostering economic growth, the statute of repose provision was enacted to extend "special protection from stale litigation and extensive liability for the design or builder of 'an improvement to real property.'" *Id.* at 113. Despite the provision which provided that certain fixtures were not improvements to real property for taxation purposes, the Court of Appeals ruled that the equipment in

*Adair* was an improvement to real property for the statute of repose analysis. We concur with the reasoning adopted by the Sixth Circuit and find that the lower court's reliance on *Aliquippa* was improper.[4]

Finally, we find that the reasoning adopted in *First National Bank of Mount Carmel v. Reichneder*, 371 Pa. 463, 91 A.2d 277 (1952) is instructive. In *Reichneder*, the Pennsylvania Supreme Court ruled that the law of fixtures, as it related to industrial mortgages, was helpful in determining when industrial equipment became part of the real property so that it constituted a fixture within the industrial facility. The Court noted that under the integrated industrial plant doctrine:

[N]othing but a passive regard for old notions could have led them [the courts] to treat machinery as personal property when it was palpably an integrant part of a manufactory or mill, merely because it might be unscrewed or unstrapped, taken to pieces, and removed without injury to the building. * * * Whether fast or loose * * * all the machinery of a manufactory which is necessary to constitute it, and without which it would not be a manufactory at all, must pass for a part of the freehold.... [T]he question is not whether this [equipment was] bolted and strapped to the floor and ceiling, for if [it was] a necessary part of the machinery for carrying on the business of the machine shop, [it] belonged to the manufactory, whether bolted to the floor or not ... [and] "the criterion of a fixture depends on the business for which the premises are used. A fixture in a manufactory, mill or colliery may have no adaptation to other kinds of business. Although not attached, yet, if it be designed for the convenience of trade on the premises, and be so used, or subject to be called into use at any time, it becomes a fixture. If the article is indispensable in carrying on the specific business, it becomes part of the realty."

4. We note that Pennsylvania courts, applying the statute of repose, have ruled that factory equipment similar to that found not to be an "improvement" for taxation purposes in *Aliquippa* was an "improvement to real property." *See, McCormick, supra* (coal conveyer belt system was improvement to real property); *Radvan, supra* (factory side trim machine was improvement to real property).

"The Pennsylvania rule is that a chattel placed in an industrial establishment for permanent use, and necessary to the operation of the plant becomes a fixture, and as such is part of the real estate, although not physically attached thereto; * * *. Whatever is a necessary part of the machinery for carrying on the business is a fixture, irrespective of the manner of its attachment." ...

*Id.,* 91 A.2d at 278–79 (citations omitted).

Thus, under the *Reichneder* standard, the No. 6 door machine clearly is a fixture since it is indispensable in carrying on the manufacturing of steel at the USX Coke Works facility. The simple fact that it moved between several coke ovens on a rail system does not eliminate its status as a fixture. Accordingly, we find that appellant is entitled to the protection of the statute of repose.

In sum, we hold that appellant is entitled to the statute of repose defense codified in 42 Pa.C.S.A. § 5536(a). Appellees' cause of action against appellant is thereby barred. We find that the No. 6 door machine was a "fixture" and constituted an improvement to real property as defined by the statute. We also find that more than twelve years have elapsed between the completion of the improvement and the injury and that appellant was within the class protected by the statute. Accordingly, we remand the immediate case to the lower court for entry of judgment in appellant's favor.

Judgment reversed. Case remanded for entry of judgment in appellant's favor. Jurisdiction relinquished.

DEL SOLE, J., files a Dissenting Opinion.

DEL SOLE, Judge, dissenting.

I cannot agree that the coke oven door machine is an improvement to real property. I would therefore affirm the trial court's refusal to enter judgment in favor of Appellant.

Appellant's primary argument on this point centers on the size of the door machine. However, while that may be a factor to consider, it is not determinative. In *Schmoyer v.*

*Mexico Forge, Inc.,* 423 Pa.Super. 593, 621 A.2d 692 (1993), *reversed on other grounds,* 538 Pa. 1, 645 A.2d 811 (1994), a playground ride, which is considerably smaller than the door machine, was found to be an improvement to real property because it was anchored in concrete and embedded in the ground. The machine in question here, however, is not attached to the real property. It moves on rails and is capable of being relocated without damage to the real property. It is not attached to the coke oven battery in any way and is, in fact, moved to a separate area for repairs and maintenance. It is akin to a railroad car in that it moves from place to place on tracks similar to railroad tracks. Surely, one would not consider an Amtrak car, for example, to be an improvement to all the real property over which it passes. Prior cases holding the statute applicable involved equipment which was affixed to the real property and stationary. See, *e.g., McCormick v. Columbus Conveyer Co.,* 522 Pa. 520, 564 A.2d 907 (1989) (belt conveyor component of coal delivery system). Here, the machine itself is not affixed to the real property; the rails on which it travels may be but the machine itself is not. The door machine is simply a very large piece of machinery, but is not an improvement to real property.

Moreover, in my opinion, the concept that this particular statute is a statute of repose needs to be re-examined. A statute of repose completely abrogates a cause of action whereas a statute of limitations merely sets a time limit within which an action on a cause of action must be commenced. *Misitis v. Steel City Piping Co.,* 441 Pa. 339, 272 A.2d 883 (1971). A statute of limitations must be pleaded as an affirmative defense whereas a statute of repose is not waived by the failure to plead it but may be raised by a motion for nonsuit, directed verdict or judgment N.O.V. *First Pool Gas Coal Co. v. Wheeler Run Coal Co.,* 301 Pa. 485, 152 A. 685 (1930).

In *Freezer Storage v. Armstrong Cork Co.,* 476 Pa. 270, 382 A.2d 715 (1978), our Supreme Court, in discussing the predecessor statute, noted that the statute eliminated a cause of action, thus making it a statute of repose. This court thereafter relied on *Freezer Storage v. Armstrong Cork Co.* as

precedent for holding that the present statute is also a statute of repose. *Mitchell v. United Elevator Co., Inc.,* 290 Pa.Super. 476, 434 A.2d 1243 (1981). Subsequent cases have referred to the *Mitchell* holding with little or no discussion. *Noll by Noll v. Harrisburg Area YMCA,* 537 Pa. 274, 643 A.2d 81 (1994); *Schaffer v. Litton Systems, Inc.,* 372 Pa.Super. 123, 539 A.2d 360 (1988); but see, *Altoona Area School Dist. v. Campbell,* 152 Pa.Cmwlth. 131, 618 A.2d 1129 (1992).

The *Mitchell* court did not note any differences between the two statutes, merely stating that the prior statute was "substantially reenacted" as 42 Pa.C.S. § 5536. There is, however, a very significant difference between the two statutes. The predecessor statute read, in relevant part: "No action ... *shall be brought.* ..." 12 P.S. § 65.1 (repealed July 9, 1976, P.L. 586, effective June 27, 1978). The present statute states that an action *"must be commenced."* 42 Pa.C.S. § 5536. This is the precise language used in the various statutes of limitation.

Of the eleven statutes contained in the chapter on limitation of actions, all use the phrase "must be commenced" or "shall be commenced." These include the six-month statute of limitations for setting aside a judicial sale and establishing a deficiency judgment, 42 Pa.C.S. § 5522, the one-year statute of limitations for libel and slander and actions on bonds, 42 Pa.C.S. § 5523, the two-year statute of limitations for tortious conduct, 42 Pa.C.S. § 5524, the four-year statute of limitations for contract actions, 42 Pa.C.S. § 5525, the five-year statute of limitations for specific performance, redemption and trusts in real property, 42 Pa.C.S. § 5526, the fifteen-year statute of limitations for escheat actions, 42 Pa.C.S. § 5528, the twenty-year statute of limitations for instruments in writing under seal, 42 Pa.C.S. § 5529, and the twenty-one year statute of limitations for possession of real property, 42 Pa.C.S. § 5530, as well as the catch-all statute of limitations of six years for actions not otherwise specified, 42 Pa.C.S. § 5527. All of these statutes of limitation use the very same language used in § 5536, the statute involved here.

The only statutes which are different are 42 Pa.C.S. § 5537 and § 5538 which concern land surveying and landscape architecture. Both of these statutes include the additional language that an action not commenced within the time period "shall be forever barred." It is this language which differentiates these two statutes from the remaining ones and which is an immediate indication that § 5537 and § 5538 are statutes of repose rather than statutes of limitation. Section 5536 contains no such language. The language of § 5536 is identical to the language of the statutes of limitation and is not the same as the language of the statutes of repose. The legislature has specifically stated, in § 5537 and § 5538, that it intends to abrogate the cause of action rather than simply set a time limit for commencing an action. It has not indicated such an intent in § 5536 but has merely set forth a statute of limitations.

A statute of limitations is, of course, an affirmative defense which must be pleaded or it is waived. *Stahl v. Hilderhoff,* 432 Pa. 179, 247 A.2d 582 (1968); *Fudula v. Keystone Wire & Iron Works,* 283 Pa.Super. 502, 424 A.2d 921 (1981). Appellant did not plead the statute as a defense. Although it appears that there may have been some discussion of the statute prior to trial, the first record mention of § 5536 is when Appellant moved for a nonsuit after Appellee presented her case. Appellant should not be permitted to raise an affirmative defense at that stage of the trial.

For all of these reasons, I would affirm the judgment and therefore must respectfully dissent from the majority decision.