715 A.2d 423

**Darlene VARGO, an individual and as Administratrix of the Estate of Andrew A. Vargo, Deceased, Appellant,**

**v.**

**KOPPERS COMPANY, INC., ENGINEERING & CONSTRUCTION DIVISION a.k.a. Koppers Industries, Inc., Appellee.**

Supreme Court of Pennsylvania.

Argued April 29, 1998.

Decided July 23, 1998.

William R. Caroselli, Pittsburgh, for Darlene Vargo.

Kathleen J. Cabraja, Pittsburgh, for Koppers Company.

James M. Beck, Philadelphia, for AMICUS-Product Liability Advisory.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

*OPINION*

NEWMAN, Justice.

Darlene Vargo (Appellant), the widow of Andrew A. Vargo (Decedent), appeals from an Order of the Superior Court that reversed and remanded an Order of the Court of Common Pleas of Allegheny County (trial court) denying the Motions for Post–Trial Relief filed by Koppers Company, Inc., Engineering & Construction Division (Appellee). The issues in this appeal are whether 42 Pa.C.S. § 5536 is a statute of limitations or a statute of repose, and whether the piece of machinery at issue here constitutes an "improvement to real property" within the meaning of the statute.

## FACTUAL AND PROCEDURAL HISTORY

In the early 1950's, Appellee designed, manufactured, and installed coke oven batteries for the United States Steel (now USX) Coke Works in Clairton, Pennsylvania. These batteries consist of a series of coke ovens, which are stationary, and various operating equipment, including several No. 6 door machines (door machine), which can be moved from battery to battery along a rail system. The door machines' function is to remove and replace coke oven doors, each of which weighs approximately five tons. The door machines themselves are each twenty to thirty feet long, fifteen to sixteen feet high, and seven to eight feet wide.

Decedent was a USX employee who worked as a coke oven door cleaner. On September 14, 1988, as a door machine was moving a coke oven door into cleaning position, Decedent was pinned between the door and a support beam and was crushed to death. Appellant, the Administratrix of Decedent's estate, brought a wrongful death and survival action against Appellee, claiming that Appellee had negligently designed and constructed the door machine.

The case was tried to a jury, which found in favor of Appellant and awarded her $55,000.00 on the wrongful death claim and $850,000.00 on the survival claim. Appellee filed Motions for Post–Trial Relief, including a Motion for Entry of

Judgment for Defendant and a Motion for a New Trial, which the trial court denied. Appellee then appealed to the Superior Court.

In a reported Opinion, the Superior Court reversed and remanded the trial court's Order, holding that 42 Pa.C.S. § 5536 was a statute of repose, and that the door machine was an improvement to real property to which the twelve-year limitation period applied. Judge Del Sole dissented, concluding that 42 Pa.C.S. § 5536 was not a statute of repose, but a statute of limitations, and that the door machine was not an improvement to real property within the meaning of the statute.

## DISCUSSION

42 Pa.C.S. § 5536 provides as follows:

(a) General rule.—Except as provided in subsection (b), a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages for:

(1) Any deficiency in the design, planning, supervision or observation of construction or construction of the improvement.

(2) Injury to property, real or personal, arising out of any such deficiency.

(3) Injury to the person or for wrongful death arising out of any such deficiency.

(4) Contribution or indemnity for damages sustained on account of any injury mentioned in paragraph (2) or (3).

(b) Exceptions.—

(1) If an injury or wrongful death shall occur more than ten and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by

this subchapter, but not later than 14 years after completion of construction of such improvement.

(2) The limitation prescribed by subsection (a) shall not be asserted by way of defense by any person in actual possession or control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or wrongful death for which it is proposed to commence an action or proceeding.

(c) No extension of limitations.—This section shall not extend the period within which any civil action or proceeding may be commenced under any provision of law.

 The first issue in this appeal is whether this section is properly interpreted as statute of limitations or a statute of repose. "Statutes of repose differ from statutes of limitation in that statutes of repose potentially bar a plaintiff's suit before the cause of action arises, whereas statutes of limitation limit the time in which a plaintiff may bring suit after the cause of action accrues." *McConnaughey v. Building Components, Inc.*, 536 Pa. 95, 97, n. 1, 637 A.2d 1331, 1332 n. 1 (1994).[1] Because it eliminates a plaintiff's cause of action "12 years after completion of construction of [an improvement to real property]," regardless of when the plaintiff's injury occurs, both Pennsylvania and federal courts have consistently held that 42 Pa.C.S. § 5536 is a statute of repose. *See, e.g., Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 280, 643 A.2d 81, 84 (1994) ("Section 5536 is a statute of repose, rather than a statute of limitations.... As a statute of repose, Section 5536 does not merely bar a party's right to a remedy as a statute of limitations does, but it completely abolishes and eliminates the cause of action...."); *Misitis v. Steel City Piping Co.*, 441 Pa. 339, 343, 272 A.2d 883, 885 (1971) (The Act of 1965,[2] the

---

**1.** Also, unlike a statute of limitations, a statute of repose is not waived if not pled as an affirmative defense, and may be raised for the first time in a motion for nonsuit, directed verdict, or judgment n.o.v. *See, e.g., First Pool Gas Coal Co. v. Wheeler Run Coal Co.*, 301 Pa. 485, 152 A. 685 (1930); *Mitchell v. United Elevator Co., Inc.*, 290 Pa.Super. 476, 434 A.2d 1243 (1981).

**2.** Act of December 22, 1965, P.L. 1183.

predecessor to 42 Pa.C.S. § 5536, "completely eliminates all causes of action arising out of negligence in construction or design which occurred more than twelve years before the accident. . . ."); *Mitchell v. United Elevator Co., Inc.*, 290 Pa.Super. 476, 486, 434 A.2d 1243, 1249 (1981) ("[T]he Act of 1965 . . . does not merely bar a litigant's right to a remedy, as a statute of limitations does, but the Act completely abolishes and eliminates the cause of action itself. By eliminating a cause of action, the Act of 1965 is a statute of repose. . . ."); *Altoona Area School District v. Campbell*, 152 Pa.Cmwlth. 131, 618 A.2d 1129, 1134 (1992) ("[S]ection 5536 is couched in the language of a statute of repose, rather than a statute of limitation, because it contains words describing a definitely established event which commences the statutorily determined period of 12 years. . . ."); *Luzadder v. Despatch Oven Company*, 834 F.2d 355, 358 (3d Cir.1987) ("§ 5536, which bars actions not brought within twelve years of the making of the improvement to real property, is drafted not as a statute of limitations but as a statute of repose. . . ."). We see no reason to deviate from this well-established precedent.[3] Accordingly, we hold that 42 Pa.C.S. § 5536 is a statute of repose, not a statute of limitations.

The remaining issue before us is whether the door machine constitutes an improvement to real property to which the statute of repose applies. In *Noll*, we held that, to determine whether an object is an improvement to real property, "a court must make an objective determination of whether [the] object is a fixture. . . ." *Noll*, 537 Pa. at 288, 643 A.2d at 88. "The considerations in making such a determination may include: the degree to which and manner in which the object

---

**3.** In his dissent to the Superior Court's decision, Judge Del Sole argues that 42 Pa.C.S. § 5536 should be interpreted as a statute of limitations because it provides that actions "must be commenced within 12 years," but does not provide that actions "shall be forever barred" thereafter. Judge Del Sole notes that the "must be commenced" language is identical to the language of numerous statutes of limitations, while the "shall be forever barred" language appears only in statutes of repose. Regardless of the particular wording, however, 42 Pa.C.S. § 5536 clearly has the effect of a statute of repose, and the courts of this Commonwealth have consistently interpreted it as such.

is attached to real property; the ease of removing the object; whether the object may be removed without damaging the real property; how long the object has been attached to the real property; whether the object is necessary or essential to the real property; and the conduct of the party and whether it evidences an intent to permanently attach the object to the realty." *Id.* (Citations omitted).

■ Evaluating the door machine according to these factors, we conclude that it is not a fixture, and, therefore, does not constitute an improvement to real property to which 42 Pa.C.S. § 5536 applies. Although the door machine is very large and not easily removed from the coke works, it is not attached to the real property in any way. Hence, it is distinguishable from similar, but attached, machinery that other courts have determined to be improvements to real property. *Cf. McCormick v. Columbus Conveyer Company,* 522 Pa. 520, 564 A.2d 907 (1989) (belt conveyer incorporated into power plant); *Radvan v. General Electric Co.,* 394 Pa.Super. 501, 576 A.2d 396 (1990) (side trim machine bolted to floor and connected to building's power source); *Beaver v. Dansk Industri Syndicat A/S,* 838 F.Supp. 206 (E.D.Pa.1993) (molding machine bolted to floor and connected to building's utilities); *Springman v. Wire Machinery Corp. of America,* 666 F.Supp. 66 (M.D.Pa.1987) (tubular closer machine affixed to floor).

The door machine, using its own internal power source, can be moved without damaging the coke oven batteries that it services. Indeed, the particular door machine at issue here is only one of several that are intended to be moved from battery to battery throughout the coke works. Moreover, there was testimony at trial that each battery is always assigned a spare door machine in case one of the operational machines has to be removed for service or maintenance. Hence, while some minimum number of operational door machines is "necessary or essential" for the coke works to function properly, any individual door machine can be removed without disrupting the use of the real property as a coke works. Considering these factors, we agree with Judge Del

Sole that, "[t]he door machine is simply a very large piece of machinery, but it is not an improvement to real property." *Vargo v. Koppers Company, Inc., Engineering & Construction Division,* 452 Pa.Super. 275, 290, 681 A.2d 815, 822 (1996) (Del Sole, J., dissenting).

Thus, while the Superior Court properly concluded that 42 Pa.C.S. § 5536 operates as a statute of repose, the court erred in holding that the door machine constitutes an improvement to real property to which the twelve-year limitation period applies. Accordingly, we reverse the Order of the Superior Court and reinstate the jury's verdict in favor of Appellant.

ZAPPALA, J., concurs in the result only.