2023 PA Super 219

| | | |
|---|---|---|
| ERIN D. TIBBITT, FORMERLY KNOWN AS ERIN D. MILLER | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : : | |
| | : : | No. 1474 WDA 2022 |
| EAGLE HOME INSPECTIONS, LLC | : | |

Appeal from the Order Entered November 2, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-19-004089

BEFORE: BENDER, P.J.E., LAZARUS, J., and KUNSELMAN, J.

OPINION BY LAZARUS, J.:                 **FILED: October 30, 2023**

Erin D. Tibbitt (f/k/a Erin D. Miller) appeals from the order, entered in the Court of Common Pleas of Allegheny County, dismissing all of her claims against Appellee Eagle Home Inspections, LLC (Eagle), and entering judgment on the pleadings in Eagle's favor. After careful review, we affirm.

The underlying action arises from Tibbitt's purchase of residential real property located at 323 Victoria Drive in Monroeville (Property). Dennis and Deborah Clougherty (Sellers) provided potential buyers with a "Seller Disclosure Statement" (Statement) that noted during "heavy rain some water can get into the garage," but that Sellers were not aware of any dry rot on the Property. The Statement also represented that Sellers were not aware of any: (1) past or present water leakage on the Property; (2) past or present movement, shifting, infiltration, deterioration, or other problem with the walls,

foundations, or other structural components; (3) sliding, settling, earth movement, upheaval, subsidence, or other earth stability problems affecting the Property; or (4) material defects to the Property. *See* Seller Disclosure Statement, 2/10/17, at 2-3, 6, 8.

Coldwell Banker Real Estate Services (Coldwell) represented both Tibbitt and the Sellers in sale of the Property. At the recommendation of Coldwell, Tibbitt retained Eagle to perform an inspection of the Property. Eagle inspected the Property on February 16, 2017, for a fee of $325.00, and provided Tibbitt a 35-page home inspection report on that same day. Tibbitt and Sellers closed on the Property on March 31, 2017.

In January 2019, a clog in the Property's sewer system caused a sewage backup in the basement laundry room. At that time, Tibbett removed carpeting in the finished basement that exposed a large crack in the foundation. Tibbett had additional demolition work performed and she alleges that it exposed additional cracks in the basement foundation walls.

On March 20, 2019, Tibbitt filed a civil action against Eagle, Sellers, and Coldwell (collectively, Defendants) raising claims of fraudulent misrepresentation, negligent misrepresentation, and violations of the Pennsylvania Real Estate Seller Disclosure Law and Pennsylvania Unfair Trade Practice and Consumer Protection Law. In her complaint, Tibbitt alleged that there were numerous defects with the Property that had not been disclosed, and had actively been concealed, prior to the sale. Additionally, Tibbitt claimed that Eagle "failed to exercise reasonable care in the inspection and

recording of the material defects to the Property" and that Eagle's conduct "constitutes a violation of Pennsylvania Home Inspection Law." Plaintiff's Complaint, 3/20/19, at ¶¶ 59, 62. Tibbitt sought damages and recission of the contract of sale.

Eagle and Sellers filed preliminary objections to Tibbitt's complaint. The court granted, in part, Seller's preliminary objections and amended the complaint "to note in ¶ 32 that the estimated cost of repairs is between $50,000.00 and $100,000.00, potentially equivalent to the purchase price of the home of $104,000.00." Order, 1/7/19. The remaining objections were denied. Tibbett filed an answer to Eagle's outstanding preliminary objections, which the court overruled on February 20, 2020.

On June 11, 2020, Eagle filed an answer and new matter to Tibbitt's complaint. Tibbitt filed a reply to the new matter. On March 17, 2021, Eagle filed a motion for judgment on the pleadings claiming that Tibbitt's action was time-barred by 68 Pa.C.S.A. § 7512. Tibbitt filed a brief in opposition to Eagle's motion. On June 22, 2021, the trial court entered an order granting Eagle's motion for judgment on the pleadings, dismissing all claims as to Eagle and entering judgment in its favor.

Tibbitt filed a timely notice of appeal.[1]  She raises the following issues for our review:[2]

(1)     Whether the one-year statute of limitations provided in the Pennsylvania Home Inspection Law is tolled by the Discovery Rule.

(2)     If the one-year statute is one of repose, does the statute pass constitutional muster under the Supreme Court's decision in ***Yanakos v. UPMC***, 218 A[.]3d 1214 (Pa. 2019)?

(3)     Does the one-year statute of limitations/repose apply to all causes of actions or only those raised under the Pennsylvania Home Inspection Law?

Appellant's Brief, at 2.

> Our scope and standard of review in an appeal of an order granting a motion for judgment on the pleadings is well settled:  the reviewing court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto.  The reviewing court must determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.  The reviewing court will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

***Plasticert, Inc. v. Westfield Ins. Co.***, 923 A.2d 489, 492 (Pa. Super. 2007).

---

[1] At the time judgment on the pleadings was entered in Eagle's favor, the Cloughertys and Coldwell were still parties to the action.  However, on November 2, 2022, the case settled.  Thus, making the instant appeal proper. ***See Burkey v. CCX, Inc***., 106 A.3d 736, 741 (Pa. Super. 2014) (court order marking case settled as to all remaining parties serves to make final all prior orders that disposed of fewer than all claims or parties).

[2] The trial court did not order Tibbitt file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Tibbitt claims that section 7512, a one-year statute of limitations, was tolled by the discovery rule in the instant case. Thus, she claims the court improperly dismissed the action where the statute had not yet expired. In the alternative, Tibbitt argues that if section 7512 is classified as a statute of repose, and not limitations, then it is unconstitutional.

Our Supreme Court has held that "the distinguishing feature between [statutes of repose and statutes of limitation] is that 'statutes of repose potentially bar a plaintiff's suit **before the cause of action arises**, whereas statutes of limitation limit the time in which a plaintiff may bring suit **after the cause of action arises**.'" *Matharu v. Muir*, 86 A.3d 250, 263 (Pa. Super. 2014) (emphasis added), citing *Vargo v. Koppers Co., Inc.*, 715 A.2d 423 (Pa. 1998). Thus, "statutes of repose begin to run at the time of the negligent act, while statutes of limitations do not begin to run until the cause of action accrues." *Matharu*, *supra* at 263. *See also Abrams v. Pneumo Abex Corp.*, 981 A.2d 198, 211 (Pa. 2009), citing Black's Law Dictionary 1251 (8th ed. 2004) ("A statute of repose is defined as a 'statute barring any suit that is brought after a specified time since the defendant acted . . . , even if this period ends before the plaintiff has suffered a resulting injury.").

Our disposition of Tibbitt's first two issues depends upon how we classify and interpret section 7512. "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. §1921(a).

Section 7512 of the Home Inspection Law reads:

**§ 7512. Statute of limitations.**

> An action to recover damages arising from a home inspection report must be commenced within one year after the date the report is delivered.

68 Pa.C.S.A. § 7512. While the heading of section 7512 is "Statute of limitations," section 1924 of the Statutory Construction Act provides that "[t]he headings prefixed to titles, parts, articles, chapters, sections and other divisions of a statute **shall not be considered to control**[,] but may be used to aid in the construction thereof." 1 Pa.C.S.A. § 1924 (emphasis added). Moreover,

> [a] court's role when interpreting a statute is to determine the intent of the General Assembly so as to give it its intended effect. 1 Pa.C.S.[A.] § 1921(a). "In discerning that intent, the court first resorts to the language of the statute itself. If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent to the case at hand and not look beyond the statutory language to ascertain its meaning."

*In the Interest of L.J.B.*, 199 A.3d 868, 873 (Pa. 2018) (citations omitted). *See* 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."); *see also Mohamed v. Commonwealth Dep't of Transp.*, 40 A.3d 1186, 1194 (Pa. 2012) ("'[W]hen the language of a statute is plain and unambiguous and conveys a clear and definite meaning,' we must give the statute this plain and obvious meaning.").

Based upon the clear and unambiguous language of section 7512, we agree with the trial court that the statute is intended to be one of repose, and not limitations, where the action commences on the date of the delivery of an inspection report—the occurrence of a "specific event," independent of any injury or discovery of any injury.[3]  **Abrams**, **supra** at 211 ("the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted").  Moreover, because the home inspection report was delivered to Tibbitt on February 16, 2017, and Tibbitt did not file her lawsuit until more than one year later, on March 20, 2019, her action is time-barred by section 7512.  Thus, we affirm the trial court's order granting judgment on the pleadings.  **See Cagey v. Commonwealth**, 179 A.3d 458, 463 (Pa. 2018) (standard of review in cases sustaining judgment on pleadings requires Court to "determine whether, on the facts averred, the law makes recovery impossible").

---

[3] Since we have determined that section 7512 is a statute of repose, the discovery rule does not apply in the instant case.  **See Fine v. Checcio**, 870 A.2d 850 (Pa. 2005) (discovery rule tolls statute of limitations until plaintiff knows or should know of legal claim).  **See also Venema v. Moser Builders, Inc.**, 284 A.3d 208, 213 (Pa. Super. 2022) (statutes of repose "generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control").

Tibbitt also contends, however, that if section 7512 is interpreted as a statute of repose, then it is unconstitutional under **Yanakos**, **supra**. We find this issue waived.

Rule of Appellate Procedure 521(a) states:

It shall be the duty of a party who draws into question the constitutionality of any statute in any matter in an appellate court to which the Commonwealth or any officer thereof is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the appellate court, to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of question, together with a copy of the pleadings or other portion of the record rising the issue, and to file proof of service of such notice."

Pa.R.A.P. 521(a). The record contains no proof that Tibbitt notified the Attorney General of Pennsylvania that she has called into question the constitutionality of section 7512. Thus, the issue is waived. **See In re A.H.**, 763 A.2d 873 (Pa. Super. 2000) (where appellant did not notify Pennsylvania Attorney General of her challenge to constitutionality of 42 Pa.C.S.A. § 6302, she waived challenge on appeal).

In her final claim on appeal, Tibbett argues that section 7512 only applies to issues raised under Pennsylvania's Home Inspection Law, and not the remaining causes of action raised in her complaint. We disagree. All of Tibbett's claims emanate from the inspection report. Because the claim based in the Home Inspection Law is time-barred, so are all related claims. **See** 68 Pa.C.S.A. § 7512 (one-year time bar applies to "[a]n action to recover damages **arising from** a home inspection report").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  10/30/2023