**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**TODD, C.J., DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, McCAFFERY, JJ.**

| | | |
|---|---|---|
| MARY JOAN GIDOR, | : | No. 21 WAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered January 8, |
| | : | 2024, at No. 541 WDA 2023, |
| v. | : | reversing and remanding the Order |
| | : | of the Court of Common Pleas |
| | : | Crawford County Civil Division |
| BENJAMIN E. MANGUS D/B/A MANGUS | : | entered September 20, 2022, at No. |
| INSPECTIONS, | : | 605 AD 2019 |
| | : | |
| Appellee | : | ARGUED:  April 10, 2025 |

**OPINION**

**JUSTICE DONOHUE**                               **DECIDED:  OCTOBER 23, 2025**

In this case we are asked to determine whether 68 Pa.C.S. § 7512 ("Section 7512")

of the Pennsylvania Home Inspection Law[1] is a statute of repose or a statute of limitations.

Section 7512 provides:

> **§ 7512.  Statute of limitations.**
>
> An action to recover damages arising from a home inspection
> report must be commenced within one year after the date the
> report is delivered.

68 Pa.C.S. § 7512.

We find the plain language of Section 7512 creates a statute of repose.

Accordingly, a plaintiff who does not bring "[a]n action to recover damages arising from a

home inspection report … within one year after the date the report is delivered[,]" is barred

---

[1]  Act of December 20, 2000, P.L. 815, *as amended*, 68 Pa.C.S. § 7512.

from doing so, regardless of when the claim accrues. *See id.* Thus, we affirm the judgment of the Superior Court.

## I. Background

In May 2017, Appellant Mary Joan Gidor ("Gidor") entered into an agreement to purchase a home (the "Property") in Titusville, Pennsylvania. Amended Complaint, 10/10/2019, ¶ 4. Prior to completing the purchase, Gidor orally agreed with Appellee Benjamin E. Mangus ("Mangus")[2] that he would perform a home inspection of the Property. *Id.* ¶¶ 2, 6. On June 6, 2017, Mangus delivered to Gidor his home inspection report ("Inspection Report") for the Property, which did not disclose any problems with the Property's structural components or foundation. *Id.* ¶¶ 9-11. On July 31, 2017, based on "Mangus' representations in the Inspection Report," Gidor purchased the Property. *Id.* ¶¶ 12-13.

During the winter of 2018-2019, a water pipe in the Property froze and burst beneath the primary bathroom. *Id.* ¶ 14. A plumber repaired the pipe and discovered that the addition to the Property was built without a foundation over bare ground supported only by wooden posts. *Id.* ¶ 16. According to Gidor, the lack of foundation exposed the bathroom pipes to the elements, which caused the pipes to freeze and burst. *Id.* ¶ 17. She also discovered that the vinyl ductwork on the Property was not rated for exterior use, which allowed animals to chew through it, leading to infestation on the Property. *Id.* ¶ 18.

On August 21, 2019, Gidor filed a complaint against Mangus bringing three claims: Count I - a claim under the Pennsylvania Home Inspection Law; Count II - a common law breach of contract claim; and Count III - a claim under the Pennsylvania Unfair Trade

---

[2] Mangus operates his business under the tradename "Mangus Inspections." Amended Complaint, 10/10/2019, ¶ 2.

Practice and Consumer Protection Law ("UTPCPL").[3] Mangus filed preliminary objections to which Gidor filed the operative amended complaint ("Amended Complaint") on October 10, 2019. In Count I, Gidor alleges that "Mangus breached the duty of care under the Pennsylvania Home Inspection [L]aw by not revealing or discovering the Property's various defects and deficiencies when completing the Property Inspection Report because such defects and deficiencies should have been apparent to a reasonably prudent home inspector." *Id.* ¶ 27. In Count II, Gidor premises her breach of contract claim on her "oral contract with Mangus … to provide a property inspection report[,]" and Mangus' breach of the duties that were set forth "[i]n the Inspection Report[.]" *Id.* ¶¶ 30-34. In Count III, Gidor complains that Mangus violated the UTPCPL by:

> (a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have;
>
> (b) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;
>
> (c) Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to or after a contract for the purchase of goods or services is made; and/or
>
> (d) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

*Id.* ¶ 38(a)-(d).[4]

---

[3] 73 P.S. § 201-1 – 201.10.

[4] Subparagraphs (a)-(d) of paragraph 38 of the Amended Complaint mirror the specific examples of "unfair methods of competition" and "unfair or deceptive acts or practices" set forth in the UTPCPL at 73 P.S. §§ 201-2(4)(v), (vii), (xiv), (xxi).

On October 31, 2019, Mangus filed preliminary objections to the Amended Complaint. First, Mangus argued that Gidor's breach of contract and UTPCPL claims were preempted by the Home Inspection Law. Mangus' Preliminary Objections to Amended Complaint, 10/31/2019, ¶¶ 4-8. In the alternative, Mangus argued that Gidor failed to plead sufficient facts to establish her breach of contract claim, *id.* ¶¶ 9-15, and failed to plead sufficient facts to establish her UTPCPL claim, *id.* ¶¶ 16-34. The trial court overruled Mangus' first and second preliminary objections, but sustained, in part, his third preliminary objection to strike subparagraphs (a)-(c) from paragraph 38 of the Amended Complaint. Trial Court Opinion, 4/14/2020, at 2.

Subsequently, Mangus filed an answer and new matter where he raised Section 7512 and averred that Gidor "failed to file a lawsuit within one year of the delivery of the Inspection Report." Mangus' Answer and New Matter, 7/8/2020, ¶¶ 54-55. After Gidor admitted this fact in her reply to new matter,[5] Mangus filed a motion for judgment on the pleadings ("Motion for Judgment on the Pleadings"), arguing that Gidor's claims were time-barred pursuant to the statute of repose in Section 7512. Mangus' Motion for Judgment on the Pleadings, 9/16/2020, ¶¶ 4-6; 8-9.

In opposition, Gidor argued that the General Assembly clearly intended for Section 7512 to be a statute of limitations subject to equitable tolling pursuant to the discovery rule.[6] Gidor's Brief in Opposition to Motion for Judgment on the Pleadings, 5/31/2022, at 6. In the event the court deemed Section 7512 to be a statute of repose, Gidor argued that it would violate Article I, Section 11 of the Pennsylvania Constitution (the "Remedies

---

[5] Gidor's Reply to New Matter, 7/24/2020, ¶ 55.

[6] "The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct." *Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000) (citations omitted).

Clause") which states, in part, that "'[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law[.]'" *Id.* at 10-11 (quoting PA. CONST. art. I, § 11). Lastly, Gidor maintained that her separate breach of contract and UTPCPL claims were not subject to Section 7512 because the remedies set forth in the Home Inspection Law exist "'in addition to any other remedies available under the [UTPCPL] or other applicable … law.'" *Id.* at 15 (quoting 68 Pa.C.S. § 7505(d)).

The trial court determined that Section 7512 was ambiguous because the parties "interpreted the [statute] in two potentially reasonable ways[.]" Trial Court Opinion, 9/20/2022, at 4. To resolve the ambiguity, the trial court looked to the title of Section 7512 and reasoned that "[i]f the General Assembly had intended to enact a statute of repose, it could have titled the applicable section appropriately[.]" *Id.* The trial court also observed that if Section 7512 is a statute of repose, "it would significantly frustrate a plaintiff's right to a remedy." *Id.* at 5. The trial court theorized that there could be circumstances where the repose period would start running before a homeowner even took possession of the home. *Id.* Although it reserved judgment as to whether the discovery rule would apply to Gidor's claims, the trial court concluded that Mangus was not entitled to judgment on the pleadings. *Id.* at 6. Upon Mangus' request, the trial court certified its interlocutory order for appeal pursuant to 42 Pa.C.S. § 702(b). Trial Court Order, 10/31/2022.

On appeal, the Superior Court reversed after finding the case indistinguishable from *Tibbitt v. Eagle Home Inspections, LLC*, 305 A.3d 156 (Pa. Super. 2023).[7] *See Gidor v. Mangus*, No. 541 WDA 2023, 2024 WL 80950 (Pa. Super. Jan. 8, 2024) (non-precedential decision). In *Tibbitt*, a homeowner filed a civil action against a home

---

[7] *Tibbitt*, a precedential decision, was decided on October 30, 2023, approximately two months prior to *Gidor*, which was decided on January 8, 2024. *Tibbitt*, 305 A.3d at 156. No allowance of appeal was sought in *Tibbitt*.

inspection company, the sellers of the property, and the sellers' real estate agent alleging fraudulent misrepresentation, negligent misrepresentation, and violations of the Pennsylvania Real Estate Seller Disclosure Law and the UTPCPL. *Tibbitt*, 305 A.3d at 158. The home inspection company filed a motion for judgment on the pleadings contending that Tibbitt's claims were time-barred pursuant to Section 7512 because she filed her complaint beyond one year from the delivery of the home inspection report. *Id.* The *Tibbitt* court agreed, reasoning that Section 7512 is a statute of repose because the text of the statute makes clear that "the action commences on the date of the delivery of an inspection report—the occurrence of a 'specific event,' independent of any injury or discovery of any injury." *Id.* at 161 (quoting *Abrams v. Pneumo Abex Corp.*, 981 A.2d 198, 211 (Pa. 2009)). Alternatively, Tibbitt argued that if the court deemed Section 7512 to be a statute of repose, it would violate the Remedies Clause. *Id.* The *Tibbitt* court found this constitutional argument waived because Tibbitt failed to notify the Attorney General that she was challenging the constitutionality of a statute as required by Pa.R.A.P. 521(a).[8] *Tibbitt*, 305 A.3d at 161. Lastly, the *Tibbitt* court explained that the statute of repose applies to all causes of action under the Home Inspection Law, the common law, and the UTPCPL that "aris[e] from a home inspection report." *Id.* Since all

---

[8] Pennsylvania Rule of Appellate Procedure 521(a) provides:

> (a) Notice.-It shall be the duty of a party who draws in question the constitutionality of any statute in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the appellate court, to give immediate notice in writing to the Attorney General of Pennsylvania of the existence of the question; together with a copy of the pleadings or other portion of the record raising the issue, and to file proof of service of such notice.

Pa.R.A.P. 521(a).

of Tibbitt's claims "emanate[d] from the [home] inspection report," the court concluded that all of her claims were time-barred by Section 7512.  *Id.*

In the present case, the Superior Court concluded that in light of *Tibbitt*'s holding that Section 7512 is a statute of repose, and that Section 7512 applies to all causes of action under the Home Inspection Law, the common law, and the UTPCPL that arise from a home inspection report, Gidor's claims were time-barred because they each "arise out of [Mangus'] inspection report."  *Gidor*, 2024 WL 80950, at *2 (citing *Tibbitt*, 305 A.3d at 161).  Unlike in the trial court, Gidor did not attempt to bring a direct constitutional challenge to Section 7512 if construed as a statute of repose.  *See* Gidor's Superior Court Brief at 18-22.  Instead, Gidor relied, in part, on the canon of constitutional avoidance, which provides that "'when a statute is susceptible to two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided,' the Court's 'duty is to adopt the latter' construction."  *Id.* at 18 (quoting *MCI WorldCom, Inc. v. Pa. Pub. Util. Comm'n*, 844 A.2d 1239, 1249 (Pa. 2004)).  To Gidor, if Section 7512 is a statute of repose, it would "trigger an issue under the Remedies Clause" and not survive, at a minimum, intermediate scrutiny.  *Id.* at 18-20 (citing *Yanakos v. UPMC*, 218 A.3d 1214, 1222 (Pa. 2019)).  To "avoid unnecessary constitutional doubt[,]" Gidor urged the Superior Court to "construe Section 7512 as a statute of limitations."  *Id.* at 22.

The Superior Court observed that Gidor's constitutional avoidance argument was "not a challenge to the constitutionality of Section 7512" but instead "an argument in favor of construing Section 7512 as a statute of limitations[.]" *Gidor*, 2024 WL *80950, at *2 n.1. However, the court reasoned that it could not consider the argument as it was "bound by *Tibbitt*'s holding that Section 7512 is a statute of repose and not a statute of limitations." *Id.*  The Superior Court also noted that a constitutional challenge to Section 7512 would

be waived just as it was in *Tibbitt* because Gidor did not notify the Attorney General. *Id.* (citing Pa.R.A.P. 521(a); *Tibbitt*, 305 A.3d at 161; *Hill v. Divecchio*, 625 A.2d 642, 648 (Pa. Super. 1993)). The Superior Court reversed the trial court's order and remanded the case with instructions to enter judgment in Mangus' favor. *Id.* at *3.

Gidor filed a petition for allowance of appeal in this Court where she only challenged the Superior Court's determination that Section 7512 is a statute of repose. Petition for Allowance of Appeal, 2/2/2024. Notably, Gidor did not discuss or request review of the Superior Court's separate determinations that all of the claims in the complaint "arise out of [Mangus'] inspection report[,]" and that, pursuant to *Tibbitt*, her claims were time-barred by Section 7512, which applies to all causes of action under the Home Inspection Law, the common law, and the UTPCPL that arise from a home inspection report.[9] *Gidor*, 2024 WL 80950, at *2 (citing *Tibbitt*, 305 A.3d at 161). We granted allowance of appeal to consider the following issue as rephrased by this Court:

> Whether the Superior Court erred by construing Section 7512 of the Home Inspection Law, 68 Pa.C.S. § 7512, as a statute of repose, which barred all claims raised in [Gidor's] [A]mended [C]omplaint, as opposed to a statute of limitations.

*Gidor v. Mangus*, 322 A.3d 1290 (Pa. 2024) (per curiam).

## II. Parties' Arguments

### Gidor's Arguments[10]

Gidor's central argument is that Section 7512 is ambiguous because it can "plausibly" be interpreted as either a statute of limitations or a statute of repose. Gidor's

---

[9] Gidor concedes in her brief filed in this Court, referring to Section 7512: "If it's a statute of repose, then [her] claims are time-barred[.]" Gidor's Brief at 11.

[10] In her principal brief, Gidor presents two arguments. First, essentially replicating the argument presented in her petition for allowance of appeal, she argues that Section 7512 is a statute of limitations, not a statute of repose. *Compare* Petition for Allowance of appeal, 2/2/2024, at 1-25 *with* Gidor's Brief at 1-26. Curiously, in a separate argument, (continued…)

Brief at 14. Gidor explains that the plaintiff is the focus of Section 7512 because "the statute commands her to diligently 'commence' an 'action to recover damages.'" *Id.* at 15 (quoting 68 Pa.C.S. § 7512). She suggests that this "procedural command … is the hallmark of a statute of limitations." *Id.* (citing *Dubose v. Quinlan*, 173 A.3d 634, 644 (Pa. 2017)).

Gidor also argues that the event triggering the commencement of a repose period must be an act of a defendant. *See id.* at 15-16. Gidor argues that Section 7512 does not fit this structure because it is possible that the person who is being sued did not perform the statutorily described event (i.e., delivering the home inspection report). She imagines a hypothetical breach of contract action where a home inspector is the plaintiff suing a home buyer for failure to pay for his or her home inspection report. She suggests that this hypothetical would "fall squarely within the language of Section 7512" because it would be "'[a]n action to recover damages arising from a home inspection report.'" *Id.* at 16 (quoting 68 Pa.C.S. § 7512). To Gidor, the home inspector would have to bring this hypothetical breach of contract claim within one year of delivering the home inspection report.[11] Because the home inspector would be the plaintiff in Gidor's hypothetical and

---

she rebuts certain arguments advanced by Mangus in the Superior Court in support of his position that the Home Inspection Law preempts all common law and statutory causes of action that arise from a home inspection report. *See* Mangus' Superior Court Brief at 7-14. The reason for including these arguments is unclear. First, as requested by Gidor, we only accepted review of one issue—whether Section 7512 is a statute of limitations or repose. Second, the Superior Court, relying on *Tibbitt*, held that Section 7512 applies to causes of action arising from a home inspection report including those pled as common law, UTPCPL, or Home Inspection Law causes of action. In neither *Tibbitt*, nor *Gidor*, did the Superior Court hold that the Home Inspection Law preempts a plaintiff from bringing other common law or statutory causes of action arising from a home inspection report. Rather, both cases simply held that all common law or statutory causes of action arising from a home inspection report are time-barred by Section 7512. *Tibbitt*, 305 A.3d at 161; *Gidor*, 2024 WL 80950, at *2.

[11] At oral argument, Mangus explained that, assuming (without conceding) that the issuance of an invoice would arise out of a home inspection report, a breach of contract (continued…)

would have triggered the one-year period by delivering the home inspection report, Gidor argues that *Tibbitt* was wrong to conclude that Section 7512 is a statute of repose on the basis that the repose period is triggered by a defendant's act.  *Id.* (citing *Tibbitt*, 305 A.3d at 160).  Had the General Assembly intended for Section 7512 to specifically relate to the conduct of a defendant, Gidor maintains that the General Assembly could have plainly stated that "an action to recover damages **from a home inspector** arising from a home inspection report must be commenced within one year[.]"  *Id.* at 15-16 (emphasis in Gidor's Brief).

Gidor compares Section 7512 to Section 513(d) of the Medical Care Availability and Reduction Error Act ("Section 513(d)"),[12] which this Court in *Dubose* determined to be a statute of limitations because it "'focuses on when the plaintiff must commence an action.'"  *Id.* at 17 (quoting *Dubose*, 173 A.3d at 647).  Gidor explains that, like Section 7512, Section 513(d) provides language that the action "'must be commenced'" within a specified time period.  *Id.* (quoting 68 Pa.C.S. § 7512; 40 P.S. § 1303.513(d)).

After concluding that Section 7512 is ambiguous, Gidor relies on the following canons of interpretation to support her position that Section 7512 is a statute of limitations: the title-and-headings canon, the term-of-art canon, the constitutional avoidance canon,

---

action brought by a home inspector for non-payment for a home inspection report would be subject to Section 7512.  Oral Argument at 2:34:40-2:35:41, *Gidor v. Mangus*, 21 WAP 2024 (Pa. Apr. 10, 2025), available at https://www.youtube.com/watch?v=JNSk0JXMVTA.

[12]  Section 513(d) provides:

> **(d) Death or survival actions.—**If the claim is brought under 42 Pa.C.S. § 8301 (relating to death action) or 8302 (relating to survival action), the action must be commenced within two years after the death in the absence of affirmative misrepresentation or fraudulent concealment of the cause of death.

40 P.S. § 1303.513(d).

and the absurdity canon. *Id.* at 19-26. Gidor maintains that, in titling Section 7512 a statute of limitations, the General Assembly made a deliberate choice to use a term of art with a well-settled meaning. *Id.* at 20 (citing *Kornfeind v. New Werner Holding Co.*, 241 A.3d 1212, 1222 (Pa. Super. 2020), *aff'd*, 280 A.3d 918 (Pa. 2022)). Gidor next argues that if the Court interprets Section 7512 as a statute of repose, it "would trigger an issue under the Remedies Clause" and the one-year time bar would not satisfy intermediate scrutiny. *Id.* at 21-24 (citing *Yanakos*, 218 A.3d at 1216). To avoid this construction, Gidor urges the Court to abide by the constitutional avoidance canon and interpret Section 7512 as a statute of limitations.[13] *Id.* at 21. Gidor also argues that interpreting Section 7512 to be a statute of repose would lead to absurd results as, in some instances, the repose period would begin to run before the buyer even takes possession of the property. *Id.* at 25.

Gidor also points to the legislative history of Section 7512, highlighting that, in 2019, the General Assembly passed an amendment to the Home Inspection Law to add the phrase "regardless of when the claim is discovered by the client" at the end of the statute. *Id.* at 26 (quoting H.B. 2019 Leg., Reg. Sess. (Pa. 2019)). Gidor argues that this is evidence that the General Assembly intended to change Section 7512 from a statute of limitations to a statute of repose; however, because Governor Wolf vetoed the amendment, it remains a statute of limitations. *Id.*

---

[13] Gidor maintains that because she is arguing that the Superior Court's construction of Section 7512 violates the constitutional avoidance canon, rather than that Section 7512 is plainly unconstitutional, she did not have to provide notice to the Office of the Attorney General pursuant to Pa.R.A.P. 521(a). Gidor's Brief at 21 n.4 (citing *Bray v. McKeesport Hous. Auth.*, 114 A.3d 442, 445 n.4 (Pa. Commw. 2015)). Given our ultimate disposition, we need not address this issue. Moreover, even if an ambiguity had been detected, we were not asked, and did not grant allowance of appeal, to decide the distinct issue of whether one who raises the constitutional avoidance canon must provide notice to the Attorney General.

**Mangus' Arguments**[14]

Mangus argues that Section 7512 is a statute of repose because it "unambiguous[ly] and completely eliminates all causes of action arising from a home inspection report one year after its delivery, not from when a plaintiff's claim accrues." Mangus' Brief at 5. Mangus emphasizes that Section 7512 follows the "hallmark" of a statute of repose in that "the existence of an action or event … triggers the countdown, after which the claim is abolished." *Id.* at 7 (citing *Noll by Noll v. Harrisburg Area YMCA*, 643 A.2d 81, 84 (Pa. 1994)).

Mangus analogizes Section 7512 to 42 Pa.C.S. § 5536 ("Construction Statute of Repose"), which this Court has repeatedly deemed to be a statute of repose. *Id.* at 9-10 (citing *Vargo v. Koppers*, 715 A.2d 423, 426 (Pa. 1998); *Noll*, 643 A.2d at 84; *McConnaughey v. Bldg. Components*, 637 A.2d 1331 (Pa. 1994); *Misitis v. Steel City Piping Co.*, 272 A.2d 883, 885 (Pa. 1971)). Mangus sets forth the relevant portion of the Construction Statute of Repose as follows:

> [A] civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property **must be commenced within 12 years after completion of construction of such improvement**[.]

*Id.* at 10 (quoting 42 Pa.C.S. § 5536(a)) (emphasis in Mangus' Brief). Mangus highlights that both Section 7512 and the Construction Statute of Repose "contain verbiage that an

---

[14] In response to Gidor, Mangus again argues the preemptive effect of the Home Inspection Law presumably because Gidor raised the arguments. However, Mangus did not file a cross petition for allowance of appeal seeking our review of these arguments in the event our resolution of this matter somehow made relevant the triumph of the Home Inspection Law over all other actions arising out of a home inspection report. Since our grant of allowance of appeal was limited to the interpretation of Section 7512 as a statute of limitations or a statute of repose, we need not further discuss nor decipher the purpose of the extraneous briefing.

action 'must be commenced within' a certain period of time 'after' a statutorily prescribed action." *Id.* (quoting 68 Pa.C.S. § 7512; 42 Pa.C.S. § 5536(a)). Given the similar structure of both statutes, coupled with the fact that they both address similar subject matter, Mangus argues that we should interpret Section 7512 to be a statute of repose. *Id.* at 11 (citing 1 Pa.C.S. § 1922(4)).

Based on his conclusion that the plain language of Section 7512 is a statute of repose, Mangus asserts that we need not address the canons of construction argued by Gidor. *Id.* at 8. Nonetheless, Mangus rejects Gidor's reliance on the constitutional avoidance canon, arguing that Gidor waived such argument because she failed to notify the Attorney General as required by Pa.R.A.P. 521(a). *Id.* As to the failed amendment to Section 7512, which would have added the phrase "regardless of when the claim is discovered by the client" to the end of the statute, Mangus argues that this was an attempt by the General Assembly "to clarify that the discovery rule does not apply to Section 7512, thereby affirming its status as a statute of repose." *Id.* at 12 (quoting H.B. 2019 Leg., Reg. Sess. (Pa. 2019)).

Mangus contends that interpreting Section 7512 to be a one-year statute of repose would be consistent with the Home Inspection Law as a whole. *Id.* at 13. In particular, Mangus points to Section 7509 of the Home Inspection Law which requires home inspectors to carry insurance "for at least one year after the latest home inspection report the home inspector delivers." *Id.* (quoting 68 Pa.C.S. § 7509(b)(1)). Mangus also notes that, by definition, home inspections are "noninvasive visual examination[s]" meant "to identify material defects" in the structure of the home. *Id.* at 14 (citing 68 Pa.C.S. § 7502(a) (defining "home inspection")). Accordingly, Mangus believes that the General Assembly made a sensible policy decision in deciding to draw the line at one year. *Id.*

**Amici**

In support of Gidor, Pennsylvania Association for Justice ("PAJ") submitted an amicus brief focusing primarily on the constitutional issue under the Remedies Clause. According to PAJ, if Section 7512 is a statute of repose it would result in a "draconian, absurdly-short repose period that does not pass constitutional scrutiny." PAJ's Amicus Brief at 2. Regardless of how the Court interprets Section 7512, PAJ argues that the statute is not even implicated in this case because Mangus' alleged negligence for failing to mention certain conditions of the Property does not arise out of the inspection report but instead arises from the negligent home inspection. *Id.* at 10.

In support of Mangus, International Association of Certified Home Inspectors ("IACHI") submitted an amicus brief mirroring Mangus' arguments that we should defer to the General Assembly's policy decision to create a one-year statute of repose in these circumstances. IACHI's Amicus Brief at 6-9. IACHI also highlights that Gidor failed to preserve the constitutional argument discussed by PAJ and that, as amicus, PAJ "'cannot raise issues that have not been preserved by the parties.'" *Id.* at 10 (quoting *All. Home of Carlisle, PA v. Bd. of Assessment Appeals*, 919 A.2d 206, 221 n.8 (Pa. 2007)).

## III. Analysis

We begin our analysis with the text of Section 7512, which provides:

> **§ 7512. Statute of Limitations.**
>
> An action to recover damages arising from a home inspection report must be commenced within one year after the date the report is delivered.

68 Pa.C.S. § 7512.

In this matter of statutory interpretation, "our standard of review is de novo, and our scope of review is plenary." *In re Borough of Downingtown*, 161 A.3d 844, 870 (Pa. 2017). The Statutory Construction Act directs that "[t]he object of all interpretation and

construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The best expression of intent is found in the statute's plain language." *Commonwealth v. Howard*, 257 A.3d 1217, 1222 (Pa. 2021); 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Only where a statute is ambiguous do we turn to the canons of statutory construction to resolve the ambiguity. *Commonwealth v. McClelland*, 233 A.3d 717, 734 (Pa. 2020). "A statute is ambiguous when there are at least two reasonable interpretations of the text." *A.S. v. Pa. State Police*, 143 A.3d 896, 906 (Pa. 2016).

Here, although Section 7512 is entitled "Statute of Limitations[,]" it is well-settled—and not disputed by the parties—that we only look to the title of a statute if the text of the statute is ambiguous. *Commonwealth v. Magwood*, 469 A.2d 115, 119 (Pa. 1983) (citing 1 Pa.C.S. § 1924 and explaining that the title "cannot control the plain words of [a] statute" and that even if a statute is ambiguous, the title may only be considered to "resolve the uncertainty"). The parties do not dispute the meaning of any word or phrase used in the statute. Instead, Gidor's ambiguity arguments are premised on the legal effect of the plain language of the statute, suggesting that it can be construed as either a statute of limitations or a statute of repose. *See* Gidor's Brief at 15 ("[O]ne can plausibly read Section 7512 as either a statute of limitations or a statute of repose[; t]hus the statute is ambiguous[.]").

We find that the text of Section 7512 is plain and unambiguous in commanding that "[a]n action to recover damages arising from a home inspection report must be commenced within one year after the date the report is delivered." 68 Pa.C.S. § 7512. To determine whether Section 7512 is a statute of limitations or repose, we must read it in the context of our case law interpreting other statutes of limitations and statutes of

repose. This approach is consistent with how this Court has analyzed whether other plain and unambiguous statutes are either statutes of limitations or statutes of repose. *See Dubose*, 173 A.3d at 647 (discussing the characteristics of statutes of limitations and statutes of repose to define "the plain language of Section 513(d)" as being a statute of limitations); *City of Phila. v. City of Phila. Tax Rev. Bd. ex rel. Keystone Health Plan E., Inc.*, 132 A.3d 946, 953 (Pa. 2015) (relying on our discussion in *Abrams* that "a statute of repose delineates a defined time that begins with a definitely established event, independent of the injury or its discovery" to conclude that the plain language of Section 19-1703(1)(d) of the Philadelphia Code is a statute of repose); *Vargo*, 715 A.2d at 425-26 (interpreting the plain language of the Construction Statute of Repose to be a statute of repose based on precedent from this Court and the Commonwealth Court). Therefore, we turn to the legal principles fundamental to both statutes of limitations and statutes of repose to determine whether Section 7512 is a statute of limitations, or repose.

A statute of limitations limits the time for a plaintiff to bring suit based on when a cause of action accrues. *Vargo*, 715 A.2d at 425. A cause of action accrues "when an injury is inflicted and the corresponding right to institute a suit for damages arises." *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011). While a statute of repose also limits the time for a plaintiff to bring suit, unlike a statute of limitations, a statute of repose "'is not related to the accrual of any cause of action" because "the injury need not have occurred, much less have been discovered." *Abrams*, 981 A.2d at 211 (internal quotations and citations omitted). "Where a limitations period begins with a definitely established event that is independent of an injurious occurrence or discovery thereof, the statute is considered to be one of repose." *City of Phila.*, 132 A.3d at 952 (citing *Abrams*, 981 A.2d at 211 (explaining that "the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether

any injury has resulted")); *see also Altoona Area Sch. Dist. v. Campbell*, 618 A.2d 1129, 1134 (Pa. Commw. 1992) (noting that "statutes of limitation begin to run from the time of an injurious occurrence or discovery of the same, … whereas statutes of repose run for a statutorily determined period of time after a definitively established event independent of an injurious occurrence or discovery of the same"). Importantly, a statute of repose "completely abolishes and eliminates [a] cause of action" regardless of when the claim accrues and, in some cases, even before the claim accrues. *Vargo*, 715 A.2d at 425 (citing *Noll*, 643 A.2d at 84).

The key difference between a statute of limitations and a statute of repose is when the clock starts running. For a statute of limitations, "the clock 'begins to run as soon as the right to institute and maintain a suit arises[.]'" *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 246 (Pa. 2021) (quoting *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)). While an action typically accrues when the plaintiff is injured, we have recognized the discovery rule as one important tolling exception:

> [I]n some circumstances, although the right to institute suit may arise, a party may not, despite the exercise of diligence, reasonably discover that he has been injured. In such cases the statute of limitations does not begin to run at the instant the right to institute suit attaches, rather the discovery rule applies. The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until the point where the complaining party knows or reasonably should know that he has been injured and that his injury has been caused by another party's conduct.

*Crouse v. Cyclops Indus.*, 745 A.2d 606, 611 (Pa. 2000).

Conversely, because statutes of repose not only bar a party's right to a remedy, but abolish and eliminate a cause of action entirely, a plaintiff may not invoke the discovery rule or other equitable tolling considerations. *See Noll*, 643 A.2d at 84. There simply is no action to toll once a repose period lapses.

We have explained that when the General Assembly drafts statutes of repose, it includes "'wording describing a definitely established event which commences the statutorily determined [repose] period[.]'" *Vargo*, 715 A.2d at 426 (quoting *Altoona Area Sch. Dist.*, 618 A.2d at 1134). Importantly, the General Assembly does not tie the repose period to "whether a cause of action has accrued or whether any injury has resulted." *Abrams*, 981 A.2d at 211. Rather, the focus is on whether the "limitations period begins with a definitely established event that is independent of an injurious occurrence or discovery thereof[.]" *City of Phila.*, 132 A.3d at 952. If so, "the statute is considered to be one of repose." *Id.*

Therefore, the stakes are clear: if Section 7512 is a statute of limitations, Gidor could potentially invoke the discovery rule to toll the running of the one-year limitations period. However, if Section 7512 is a statute of repose, Gidor's suit is time-barred. The parties rely primarily on two other statutes—and this Court's interpretation of each—to support their desired interpretations of Section 7512. Gidor points to *Dubose*, where we interpreted Section 513(d) to be a statute of limitations.[15] To Gidor, "Section 7512 contains language that is virtually identical to the statute of limitations at issue in *Dubose*" in that each statute specifies that the action "'must be commenced within [a certain time].'" Gidor's Brief at 17 (quoting 68 Pa.C.S. § 7512; 40 P.S. § 1303.513(d)).

---

[15] Section 513(d), relied on by Gidor, provides:

> **(d) Death or survival actions.—**If the claim is brought under 42 Pa.C.S. § 8301 (relating to death action) or 8302 (relating to survival action), the action must be commenced within two years after the death in the absence of affirmative misrepresentation or fraudulent concealment of the cause of death.

40 P.S. § 1303.513(d).

Mangus relies on the Construction Statute of Repose[16] and our consistent interpretation that it is a statute of repose rather than a statute of limitations. Mangus' Brief at 9 (citing *Vargo*, 715 A.2d at 426; *Noll*, 643 A.2d at 84; *McConnaughey*, 637 A.2d at 1331; *Misitis*, 272 A.2d at 885). Because both Section 7512 and the Construction Statute of Repose "contain verbiage that an action 'must be commenced within' a certain time period 'after' a statutorily prescribed action[,]" Mangus contends that Section 7512 is a statute of repose. *Id.* at 10 (quoting 68 Pa.C.S. 7512; 42 Pa.C.S. § 5536(a)).

There is a marked symmetry between Section 7512 and the Construction Statute of Repose. Each statute commands that an "action … must be commenced within [a certain amount of time] after [the occurrence of a definitely established event that is independent of an injurious occurrence or discovery thereof]." 68 Pa.C.S. § 7512; 42 Pa.C.S. § 5536(a).[17] In each instance, the clock begins to run when the statutorily

---

[16] The relevant portion of the Construction Statute of Repose, relied on by Mangus, provides:

> [A] civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages[.]

42 Pa.C.S. § 5536(a).

[17] Subsection (b)(1) of the Construction Statute of Repose contains a limited exception to the twelve-year repose period, providing:

> (1) If an injury or wrongful death shall occur more than ten and within 12 years after completion of the improvement a civil action or proceeding within the scope of subsection (a) may be commenced within the time otherwise limited by this subchapter, but not later than 14 years after completion of construction of such improvement.

42 Pa.C.S. § 5536(b)(1). Even under this exception, no action may be brought "later than [fourteen] years after the completion of construction of such improvement." *Id.* Thus, (continued…)

prescribed event occurs, not when the plaintiff's claim accrues. Section 7512 embodies the accepted principle of all statutes of repose that the occurrence of "a definitely established event that is independent of an injurious occurrence or discovery thereof" triggers a countdown, after which a claim is abolished. *City of Phila.*, 132 A.3d at 952; *Abrams*, 981 A.2d at 211.

Although the Construction Statute of Repose is more specific than Section 7512 in defining the applicability of the statute of repose, so that it only applies to "civil action[s] or proceeding[s] brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property[,]" we find no significance in this level of specificity as it pertains to the instant matter. We did not conclude that the Construction Statute of Repose is a statute of repose because it specifies what claims are subject to the statute. Rather, in *Vargo*, we explained that the Construction Statute of Repose is a statute of repose "[b]ecause it eliminates a plaintiff's cause of action [twelve] years after completion of construction of an improvement to real property, regardless of when the plaintiff's injury occurs[.]" *Vargo*, 715 A.2d at 425 (internal quotations and citations omitted). As Section 7512 follows this established framework, we conclude that it is also a statute of repose.

We reject Gidor's argument that Section 7512 is analogous to Section 513(d) simply because each statute contains language that the action "'must be commenced within [a certain time].'" Gidor's Brief at 17 (quoting 68 Pa.C.S. § 7512; 40 P.S. § 1303.513(d)). Indeed, the Construction Statute of Repose contains the same "must be commenced" language. 42 Pa.C.S. § 5536(a). In *Dubose*, we were tasked with deciding whether Section 513(d) is a statute of limitations such that the limitation period for medical

---

while this exception allows certain claims to be brought within fourteen years after the completion of construction, it embodies the fundamental principle of statutes of repose by placing an outer limit on bringing an action without the possibility of equitable tolling.

professional liability wrongful death and survival actions would be two years from the time of the decedent's death.[18] *Dubose*, 173 A.3d at 635. To answer this question, we analyzed the entirety of Section 513 and noted the distinct language of Section 513(d) compared to Section 513(a) ("Section 513(a)"), which we explained is a statute of repose.[19] While we recognized that "Section 513(d) focuses not on the defendant's conduct, but on the time within which the plaintiff must sue[,]" *id.* at 647, this was not dispositive to our conclusion that Section 513(d) is a statute of limitations. Critically, we observed that Section 513(d) sets forth "specific equitable considerations that may toll the two-year period to commence a suit: 'affirmative misrepresentation or fraudulent concealment of the cause of death.'" *Id.* (quoting 40 P.S. § 1303.513(d)). Conversely, we explained that Section 513(a)

> bars the plaintiff's ability to sue regardless of whether the cause of action accrued, whether the injury occurred, or whether it was discovered. Section 513(a), while providing exceptions for lawsuits involving injuries caused by foreign

---

[18] The decedent in *Dubose* suffered bedsores on August 9, 2005. *Dubose*, 173 A.3d at 635. In July 2007, one bedsore caused an infection that ultimately led to sepsis on September 12, 2007. On October 18, 2007, the decedent died. *Id.* at 636. On August 13, 2009, the decedent's estate filed a wrongful death and survival action. After a verdict in favor of the decedent's estate, the defendants argued on appeal that the survival claims—filed four years after the decedent was first injured—were barred by the general two-year statute of limitations for survival action actions, which started running in 2005 when the decedent was first injured. *Id.* at 637 & n.3 (citing 42 Pa.C.S. § 5524(2)). The defendants argued that Section 513(d) is not a statute of limitations, but a statute of repose, and as such, does not affect the two-year limitation period set forth at 42 Pa.C.S. § 5524(2). *Id.* at 640.

[19] Section 513(a) provides:

> **(a) General rule.**--Except as provided in subsection (b) or (c), no cause of action asserting a medical professional liability claim may be commenced after seven years from the date of the alleged tort or breach of contract.

40 P.S. § 1303.513(a). In *Dubose* and *Yanakos* we explained that Section 513(a) is a statute of repose. *Dubose*, 173 A.3d at 647; *Yanakos*, 218 A.3d at 1225.

objects and injuries to minors, does not provide for any equitable considerations that would toll the seven-year period to sue. Section 513(a) begins running on the date of the tort or breach of contract, no matter when the cause of action accrues (and may even bar a cause of action before it accrues). However, Section 513(a) does not provide how it relates to Section 513(d). Instead, Section 513(d) stands separately.

*Id.* (internal citations omitted).

Importantly, neither Section 7512 nor the Construction Statute of Repose contain any of the equitable tolling considerations present in Section 513(d). In *Dubose*, we made clear that the inclusion of equitable tolling considerations in Section 513(d) rendered it a statute of limitations. *Id.* We made equally clear in *Dubose* that Section 513(a), which "does not provide for any equitable considerations that would toll the seven-year period to sue" and "bars the plaintiff's ability to sue regardless of whether the cause of action accrued, whether the injury occurred, or whether it was discovered[,]" is a statute of repose. *Id.* The distinction as applied here leads to the conclusion that the absence of any equitable tolling possibilities in Section 7512 renders it a statute of repose.[20] *See id.*

Gidor further argues that the definitely established event triggering the commencement of a repose period must be an act of a defendant. *See* Gidor's Brief at

---

[20] Despite the fact that Gidor relies on *Dubose* in support of her argument that Section 7512 is a statute of limitations, the Concurrence scolds our discussion distinguishing *Dubose*, claiming that it "overcomplicates the analysis[.]" Concurring Op. at 9. According to the Concurrence, because Section 7512 "imposes a firm and unqualified time limit for bringing suit under its provisions[,] … [i]t should be enough to say this and be done." *Id.* at 2. Failing to heed its own advice, the Concurrence, sua sponte, goes to great lengths to attack the reasoning of *Dubose*, all the while "struggl[ing] to understand how this Court" concluded that Section 513(d) is a statute of limitations. *Id.* at 7. Where a party relies on our precedent to make a well-developed legal argument to support its position, it is important to the legitimacy of our decision to articulate the reasons for rejecting or accepting the argument. While the Concurrence views our treatment and ultimate rejection of Gidor's argument as "overcomplicat[ing] the analysis[,]" *id.* at 9, it is the Concurrence's lengthy sua sponte attack of *Dubose*'s holding that overcomplicates this appeal. That is the Concurrence's prerogative even though the Concurrence will not recognize our responsibility to faithfully address the developed argument of a party.

15-16. She maintains that Section 7512 does not fit this structure because it is possible that the person who is being sued did not perform the definitely established event (i.e., delivering the home inspection report). For example, she argues that the homeowner could be a defendant in an action for breach of contract for failure to pay the invoice for the home inspection report. She argues that this would be "'[a]n action to recover damages arising from a home inspection report.'"[21] *Id.* at 16 (quoting 68 Pa.C.S. § 7512). Because the home inspector would be the plaintiff in Gidor's hypothetical and would have triggered the one-year period by delivering the home inspection report, Gidor argues that *Tibbitt* was wrong to conclude that Section 7512 is a statute of repose on the basis that it is triggered by a defendant's act. *Id.* (citing *Tibbitt*, 305 A.3d at 160).

Contrary to Gidor's argument, the *Tibbitt* court did not conclude that Section 7512 is a statute of repose on the basis that it is triggered by a defendant's act. On this point, the *Tibbitt* court merely referenced the Black's Law Dictionary definition for a statute of repose as a "'statute barring any suit that is brought after a specified time since the defendant acted … , even if this period ends before the plaintiff has suffered a resulting injury.'" *Tibbitt*, 305 A.3d at 160 (quoting *Abrams*, 981 A.2d at 211) (quoting *Statute of Repose*, BLACK'S LAW DICTIONARY at 1251 (8th ed. 2004)). However, the *Tibbitt* court neither applied this definition to Section 7512, nor did the court conclude that Section 7512 is triggered by an act of a defendant. Rather, the court explained:

> Based upon the clear and unambiguous language of [S]ection 7512, we agree with the trial court that the statute is intended to be one of repose, and not limitations, where the action commences on the date of the delivery of an inspection report—the occurrence of a "specific event," independent of any injury or discovery of any injury. *Abrams*, [981 A.2d] at 211 ("the period contained in a statute of repose begins when

---

[21] We do not decide the validity of this proposition but note that Mangus accepted it for the sake of argument. *See* supra note 11.

a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted"). Moreover, because the home inspection report was delivered to Tibbitt on February 16, 2017, and Tibbitt did not file her lawsuit until more than one year later, on March 20, 2019, her action is time-barred by section 7512. Thus, we affirm the trial court's order granting judgment on the pleadings.

*Tibbitt*, 305 A.3d at 160-61 & n.3 (footnote discussing the inapplicability of the discovery rule omitted). Accordingly, we reject the premise of Gidor's argument that the *Tibbitt* court erred in finding Section 7512 to be a statute of repose on the basis that it is triggered by the act of a defendant. The *Tibbitt* court made no such finding.

More fundamentally, Gidor's argument that a statute of repose requires that the triggering occurrence be an act of the defendant is belied by our case law. *City of Philadelphia* is a case that clearly articulates the essence of a statute of repose: "Where a limitations period begins with a definitely established event that is independent of an injurious occurrence or discovery thereof, the statute is considered to be one of repose." *City of Phila.*,132 A.3d at 953.[22] Moreover, Gidor's position is obviously contradicted by

---

[22] In *City of Philadelphia*, the Court was tasked with answering whether taxpayers' requests for tax refunds were timely despite being filed beyond three years from when the taxes were due. The Court concluded that the refund requests were untimely based on the following provision of the Philadelphia Code:

> (d) Every petition for refund of moneys collected by the Department on or after January 1, 1980, for or on behalf of the City or the School District of Philadelphia, and, where authorized by ordinance, every request for credit on account of moneys collected by the Department for or on behalf of the City or the School District, including but not limited to any tax, water or sewer rent, license fee or other charge, and interest and penalties thereon, shall be filed with the Department within 3 years from the date of payment to the City or the School District of Philadelphia or the payment due date, whichever is later.

Phila. Code § 19-1703(1)(d).

(continued…)

the repetitive pronouncements that the Construction Statute of Repose is a statute of repose because it is triggered by the "completion of construction[.]" 42 Pa.C.S. § 5536(a). We have explained that the twelve-year repose period does not begin running until "the entire construction project is so completed that it can be used by the general public[,]" *Noll*, 643 A.2d at 84, a point that is unrelated to the conduct of any party to a lawsuit. In the residential construction context, the Superior Court has further specified that the completion point is the moment a certificate of occupancy is issued. *Venema v. Moser Builders, Inc.*, 284 A.3d 208, 213 (Pa. Super. 2022) (holding that the twelve-year repose period commences when a certificate of occupancy for a residential home is issued because that is the first time third parties can be exposed to defects in the design, planning, or construction of the residence). The "completion of construction" is an independent act, unrelated to injurious conduct or the discovery of it.[23] Thus, it is clear that Pennsylvania law does not require a repose period to be triggered by a defendant's act.

---

We found Section 19-1703(1)(d) of the Philadelphia Code to be a statute of repose, explaining that "[w]here a limitations period begins with a definitively established event that is independent of an injurious occurrence or discovery thereof, the statute is considered to be one of repose." *City of Phila.*, 132 A.3d at 953 (citing *Abrams*, 981 A.2d at 211). Although the repose period was triggered by the due date, the Court stated that "[t]he only reasonable interpretation is to confine [Section] 19-1703(1)(d) to the later of (1) **the date of payment** or (2) payment due date." *Id.* at 952 (emphasis added). Thus, we expressly recognized that a plaintiff's act—in paying a tax—could trigger the commencement of a repose period.

[23] Gidor also relies on a statement in *Dubose* that statutes of repose are triggered by an act of a defendant. *Dubose*, like *Tibbitt*, referenced the Black's Law Dictionary's definition of a statute of repose. This definition appeared in a larger quotation to *CTS Corporation v. Waldburger*, 573 U.S. 1 (2014), where the High Court quoted the definition provided in Black's Law Dictionary. *See Dubose*, 173 A.3d at 644 (quoting *CTS Corp.*, 573 U.S. at 7) (quoting *Statute of Repose*, BLACK'S LAW DICTIONARY at 1546 (9th ed. 2009)). The *Dubose* Court's discussion related to the distinction between Sections 513(a) and (d). Certainly, the passing reference to a definition in Black's Law Dictionary did not upend decades of jurisprudence on the essence of the triggering event to identify a statute of repose when that issue was not before the Court.

Finding Section 7512 to be a statute of repose, we have no basis to analyze Gidor's secondary arguments seeking to resolve the non-existent ambiguity. *See Woodford v. Ins. Dep't*, 636, 243 A.3d 60, 73 (Pa. 2020) ("When the text of the statute is ambiguous, then—and only then—do we advance beyond its plain language and look to other considerations to discern the General Assembly's intent."). Accordingly, all arguments by Gidor concerning the utilization of the canons of construction to interpret an ambiguous statute are irrelevant.[24]

## IV. Conclusion

Section 7512 is a statute of repose because it plainly, unambiguously, and without equitable exceptions, requires a plaintiff to commence an action within a specified time period after the occurrence of a definitely established event, regardless of when the claim accrues. Therefore, we affirm the judgment of the Superior Court.

Chief Justice Todd and Justices Dougherty, Mundy, Brobson and McCaffery join the opinion.

Justice Wecht files a concurring opinion.

---

[24] One such canon of construction argued by Gidor is the canon of constitutional avoidance. Here, because Gidor has not challenged Section 7512's constitutionality—which we express no view on in this case—and because the statute is not ambiguous, we have no occasion to apply the constitutional avoidance canon. *See Commonwealth v. Gamby*, 283 A.3d 298, 317 n.20 (Pa. 2022) (explaining that the canon of constitutional avoidance is only implicated where a party makes a constitutional challenge to a statute or "where the parties offer two competing, but reasonable, statutory interpretations, and the court is tasked with choosing between them"); *see also* supra note 13.